# EXHIBIT 1

□ 2641

FILED
6/13/2024 4:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023P007723
Calendar, 25
28111818

FILED DATE: 6/13/2024 4:25 PM    2023P007723

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. _____ 2023P007723 _____    Calendar _____ 25 _____

Estate of _____ RUDOLPH ISLEY _____

## CLAIM

1. Claimant _____ Ronald Isley _____ has a claim for
   [name]

   No less than $3.5 million + interest

   $ and attorneys' fees accrued and accruing against this estate.

2. The nature of the claim*

   See attached Verified Complaint.

*When the claim is based upon a written instrument, a copy of the instrument must be attached. When the claim is based on tort, so state.

Attorney Number __40190__

Name __Shawn M. McCullough/ Patrick J. Bushell__

Firm Name __Harrison LLP__

Attorneys for __Claimant__

Address __333 W. Wacker Dr., Ste. 1700__

City/State/Zip __Chicago, IL 60606__

Telephone __312-332-1111__

Email __smccullough@harrisonllp.com/ pbushell@harrisonllp.com__

_Ronald Isley_
[signature of Claimant]

300 Wyndmoor Terrace Ct.
[address]

St. Louis, Missouri 63141
[city/state/zip]

310-570-0220
[telephone]

CCP 0345A (Rev. 12/01/2020)  Case No. _____  2023P007723

FILED DATE: 6/13/2024 4:25 PM   2023P007723

## HEARING ON CLAIM SCHEDULED

Hearing has been scheduled on _____ at _____ M in Room _____,
          [date]     [time]

Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602.

## CERTIFICATE OF SERVICE

I certify that on _____ June 14, 2024 _____ a copy of this claim was _____ mailed _____
     [date]         (mailed) (delivered in person)

to _____ Elaine Isley-Goodstone _____
          [representative]

and to _____ Robert Schuman, Law Office of Robert Schuman _____.
         [attorney for representative]

Signed and sworn to before me by the agent for Claimant

_____
[signature of attorney for Claimant or agent for Claimant]

on _____ JUNE 13 _____, 20 24 .

_____
[signature of Notary Public]

OFFICIAL SEAL
ROBIN M SCHAPIRO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 3/6/26

*Unless the representative or his/her attorney waives in writing the mailing or delivery of a copy of the claim or consents in writing to the allowance of the claim, the claimant shall cause a copy of the claim to be mailed or delivered to the representative and to his/her attorney of record, if any, and shall file proof of such mailing or delivery within 10 days after the filing of the claim.*

## WAIVER OF SERVICE

On _____, I hereby waive mailing and delivery of the copy of the claim.
   [date]

_____
[signature of representative or attorney for representative]

## CONSENT TO CLAIM

On _____, I consent to the allowance of this claim in the amount of
   [date]

$_____ as a _____ class claim against the estate.
 [amount of claim allowed]  [class of claim]

_____
[signature of representative or attorney for representative]

FILED
6/13/2024 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023P007723
Calendar, 25
28103509

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – PROBATE DIVISION

| | | |
|---|---|---|
| ESTATE OF | ) | |
| | ) | **Case No.**    **2023P007723** |
| RUDOLPH ISLEY, | ) | |
| | ) | **Calendar 25** |
| Deceased. | ) | |

| | |
|---|---|
| RONALD ISLEY, as a Claimant and Interested Person, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ELAINE ISLEY-GOODSTONE, as Independent Administrator of the Estate of Rudolph Isley, Deceased, | ) ) ) ) |
| Defendant. | ) ) |

**Supplemental Proceeding**

**Calendar 25**

**Jury Demanded**

### VERIFIED COMPLAINT

**NOW COMES** Plaintiff Ronald Isley, as a Claimant and Interested Person, by and through his attorneys, Harrison LLP, and for his Verified Complaint against Elaine Isley-Goodstone, as Independent Administrator of the Estate of Rudolph Isley, Deceased, states and alleges as follows:

### Parties, Jurisdiction, and Venue

1.     Plaintiff Ronald Isley is a Claimant and Interested Person ("Plaintiff") in the Estate of Rudolph Isley, Deceased (the "Estate"), and resides in St. Louis, Missouri.

2.     Defendant Elaine Isley-Goodstone is the Independent Administrator of the Estate ("Defendant"), and is administering the Estate in Cook County, Illinois, Probate Division.

3.     This Court has jurisdiction pursuant to 735 ILCS 5/2-209, and Cook County is the appropriate venue pursuant to 735 ILCS 5/2-101, because the Estate is being administered in Cook County, Illinois.

FILED DATE: 6/30/2024 2:28 PM 2023P007723

4.      The Cook County Probate Division is the appropriate division pursuant to Cook County Local Rule 12.1(c) because this action is germane to the Estate and is an action affecting the Estate.

**Background**

<u>Isley Brothers LLC</u>

5.      Rudolph Isley (the "Decedent") and Plaintiff formed the Isley Brothers, L.L.C. (the "LLC"). A true and correct copy of the Limited Liability Company Agreement of Isley Brothers, LLC (the "Operating Agreement") is attached hereto and made a part hereof as **Exhibit A.**

6.      The Decedent and Plaintiff are named in the Operating Agreement as the initial members of the LLC each holding 495 Membership Units in the LLC. See p. 5 of **Exhibit A.**

<u>Settlement Agreement regarding Royalties</u>

7.      On December 31, 2012, the Decedent, the LLC, and Plaintiff entered into a Settlement Agreement (the "Agreement") regarding the collection and distribution of certain monies derived from the exploitation of intellectual property assets created by the Decedent and Plaintiff (the "Royalties"). A true and correct copy of the Agreement is attached hereto and made a part hereof as **Exhibit B.**

8.      The Agreement directs that, with respect to Royalties received after December 31, 2012, such Royalties must be paid as follows: 5% to the Estate of Marvin Isley, 72.5% to the Decedent, and 22.5% to Plaintiff (the "Payback Plan"), until such time as one-third of such Royalties paid to the Decedent equals $2 million (the "$2 million Payback"). See p. 1, ¶2(a), of **Exhibit B.**

4871-6424-5058, v. 1

FILED DATE: 6/13/2024 2:28 PM    2023P007723

9.  The Agreement requires the Payback Plan to be paid in accordance with several Letters of Direction sent to the payors of the Royalties directing them to pay the Decedent's share of the Royalties paid pursuant to the Payback Plan to the LLC.   See p. 1, ¶2(a) and Exhibit D-1 through D-8 of **Exhibit B**.

10.  Once the $2 million Payback was completed, the Agreement requires the Decedent to direct all the relevant payors of Royalties to begin paying the Royalties as follows: 5% to the Estate of Marvin Isley, 47.5% to the Decedent, and 47.5% to Plaintiff.  See p. 2, ¶2(b)(i) of **Exhibit B**.

11.  Additionally, once the $2 million Payback was completed, the Agreement requires the Decedent to direct the American Society of Composers, Authors, and Publishers ("ASCAP") to pay the Royalties in connection with Plaintiff's ASCAP writer account as follows: 5% to the Estate of Marvin Isley and 95% to Plaintiff.  See p. 2, ¶2(b)(ii) of **Exhibit B**.

12.  The Royalties payments referenced in paragraphs 10 and 11, above, are referred to herein as the "Post-Payback Payment Plan".

13.  The Agreement requires the Post-Payback Payment Plan to be paid in accordance with several Letters of Direction sent to the payors of the Royalties directing them to pay the Decedent's share of the Post-Payback Payment Plan to the LLC (the "Post-Payback Letters of Direction").  See p. 2, ¶2(b) and (c) and Exhibits E-1 through E-8 of **Exhibit B**.

14.  The Post-Payback Letters of Direction were to be held in escrow by Craig Smith ("Smith") until the $2 million Payback was completed.  See p. 2, ¶2(c) of **Exhibit B**.

15.  Once the $2 million Payback was completed, Smith was authorized to deliver the Post-Payback Letters of Direction to their proper recipients upon execution by the Decedent and Plaintiff.  See p. 2, ¶2(c) of **Exhibit B**.

3

16.     The Agreement prohibits Plaintiff from contacting any payor of Royalties in order to have Royalties held or redirected (except a change of address), or to alter the split of Royalties payable to each party, which he never did.  See p. 2, ¶3 of **Exhibit B**.

17.     The Agreement requires the Decedent to pay all costs, including attorneys' fees, incurred by Plaintiff in connection with the delivery of the Post-Payback Letters of Direction in the event that such delivery is delayed or prevented as a result of the Decedent's acts or omissions.  See p. 2, ¶2(c) of **Exhibit B**.

<u>COUNT I</u>
**Breach of Contract**
**(Plead in the Alternative to Count II)**

18.     Plaintiff restates and realleges paragraphs 1 through 17 as paragraphs 1 through 17 of this Count I.

19.     This Count I is plead in the alternative to Count II.

20.     The Agreement is a valid and enforceable contract between the Decedent and Plaintiff.

21.     Plaintiff performed his obligations under the Agreement.

22.     The Decedent failed to perform his obligations under the Agreement.

23.     Upon information and belief, the $2 million Payback was completed several years ago.

24.     The Decedent failed and refused to direct all the relevant payors of Royalties to begin paying the Royalties in accordance with the Post-Payback Payment Plan.

25.     The Decedent failed and refused to execute the Post-Payback Letters of Direction upon completion of the $2 million Payback.

26.     The Decedent's above-referenced acts and omissions delayed and prevented the Post-Payback Letters of Direction from being delivered to their proper recipients in accordance with the Agreement.

27.     The Decedent's above-referenced acts and omissions resulted in damages to Plaintiff.

28.     Upon information and belief, the Decedent continued receiving 72.5% of all of the Royalties pursuant to the Payback Plan after the $2 million Payback was completed.

29.     Upon information and belief, the Decedent wrongfully received no less than $3.5 million in Royalties pursuant to the Payback Plan after the $2 million Payback was completed and to which Plaintiff is entitled pursuant to the Agreement.

**WHEREFORE** Plaintiff Ronald Isley, as a Claimant and an Interested Person, respectfully requests that this Honorable Court enter an Order:

a.  Finding, in the alternative to Count II, that the Decedent, Rudolph Isley, breached the Agreement for the reasons stated above;

b.  Finding, in the alternative to Count II, damages for breach of contract, and allowing Ronald Isley's Claim, in the amount of no less than $3.5 million plus interest accrued and accruing;

c.  Reserving for Ronald Isley the right to increase the Claim amount pending Ronald Isley's receipt of an accounting of all Royalties received by and/or distributed to Rudolph Isley or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

d.  Directing the Estate of Rudolph Isley, Deceased, to provide an accounting to Ronald Isley of all Royalties received by and/or distributed to Rudolph Isley or

5

FILED DATE: 6/13/2024 2:28 PM    2023P007723

for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

e.  Awarding any and all other damages recoverable in equity and law;

f.  Awarding pre-judgment and post-judgment interest on all damages;

g.  Awarding Ronald Isley his attorneys' fees and costs; and

h.  Granting such further relief that this Honorable Court deems equitable and just under the circumstances.

**COUNT II**
**Unjust Enrichment**
**(Plead in the Alternative to Count I)**

30.  Plaintiff restates and realleges paragraphs 1 through 29 as paragraphs 1 through 29 of this Count II.

31.  This Count II is plead in the alternative to Count I.

32.  The Decedent unjustly retained Royalties belonging to Plaintiff to Plaintiff's detriment.

33.  The Decedent's unjust retention of Royalties belonging to Plaintiff to Plaintiff's detriment violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE** Plaintiff Ronald Isley, as a Claimant and an Interested Person, respectfully requests that this Honorable Court enter an Order:

a.  Finding, in the alternative to Count I, that the Decedent, Rudolph Isley, was unjustly enriched for the reasons stated above;

b.  Finding, in the alternative to Count I, that the Decedent was unjustly enriched, and allowing Ronald Isley's Claim, in the amount of no less than $3.5 million plus interest accrued and accruing;

6

FILED DATE: 6/13/2024 4:28 PM    2023P007723

c. Reserving for Ronald Isley the right to increase the Claim amount pending Ronald Isley's receipt of an accounting of all Royalties received by and/or distributed to Rudolph Isley or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

d. Directing the Estate of Rudolph Isley, Deceased, to provide an accounting to Ronald Isley of all Royalties received by and/or distributed to Rudolph Isley or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

e. Awarding any and all other damages recoverable in equity and law;

f. Awarding pre-judgment and post-judgment interest on all damages;

g. Awarding Ronald Isley his attorneys' fees and costs; and

h. Granting such further relief that this Honorable Court deems equitable and just under the circumstances.

## COUNT III
**Accounting**

34. Plaintiff restates and realleges paragraphs 1 through 33 as paragraphs 1 through 33 of this Count II.

35. Plaintiff demanded an accounting of the receipt and distribution of the Royalties pursuant to the Agreement from the Decedent multiple times during the term of the Agreement.

36. Plaintiff has never received a full accounting of the Royalties received by and/or distributed to the Decedent or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present.

**WHEREFORE** Plaintiff Ronald Isley, as a Claimant and an Interested Person, respectfully requests that this Honorable Court enter an Order:

4871-6424-5058, v. 1

FILED DATE: 6/13/2024 4:28 PM   2023P007723

a.  Finding that the Decedent, Rudolph Isley, breached the Agreement or, in the alternative, was unjustly enriched, in the amount of no less than $3.5 million plus interest accrued and accruing for the reasons stated above;

b.  Allowing Ronald Isley's Claim in the amount of no less than $3.5 million plus interest accrued and accruing;

c.  Reserving for Ronald Isley the right to increase the Claim amount pending Ronald Isley's receipt of an accounting of all Royalties received by and/or distributed to Rudolph Isley or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

d.  Directing the Estate of Rudolph Isley, Deceased, to provide an accounting to Ronald Isley of all Royalties received by and/or distributed to Rudolph Isley or for his benefit, the LLC, and the Estate during the time period of December 31, 2012 through the present;

e.  Awarding any and all other damages recoverable in equity and law;

f.  Awarding pre-judgment and post-judgment interest on all damages;

g.  Awarding Ronald Isley his attorneys' fees and costs; and

h.  Granting such further relief that this Honorable Court deems equitable and just under the circumstances.

4871-6424-5058, v. 1

FILED DATE: 6/13/2024 4:28 PM    2023P007723

Respectfully submitted,
Ronald Isley, as a Claimant and Interested Person

By: One of his Attorneys

Atty No 40190
Shawn M. McCullough/ Patrick J. Bushell
Harrison LLP
Attorneys for Plaintiff
333 W. Wacker Dr., Suite 1700
Chicago, IL 60606
(312) 332-1111
smccullough@harrisonllp.com
pbushell@harrisonllp.com

4871-6424-5058, v. 1

FILED DATE: 6/13/2024 4:28 PM   2023P007723

## <u>VERIFICATION</u>

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

_____

Ronald Isley, as a Claimant and Interested Person

FILED
6/13/2024 4:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023P007723
Calendar, 25
28103808

EXECUTION COPY

FILED DATE: 6/13/2024 4:25 PM   2023P007723

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## ISLEY BROTHERS, L.L.C.


EXHIBIT
A

FILED DATE: 6/13/2024 4:28 PM 2023P007723

# TABLE OF CONTENTS

Page

## ARTICLE I.
### FORMATION OF THE COMPANY

Section 1.1  Formation of the Company ..................................................................1
Section 1.2  Name ....................................................................................................1
Section 1.3  Business of the Company......................................................................1
Section 1.4  Location of Principal Place of Business ...............................................2
Section 1.5  Registered Agent...................................................................................3
Section 1.6  Term .....................................................................................................3
Section 1.7  Tax Partners .........................................................................................3
Section 1.8  Special Restrictions...............................................................................3

## ARTICLE II.
### DEFINITIONS

## ARTICLE III.
### CAPITAL CONTRIBUTIONS

Section 3.1  Capital Contributions............................................................................7
Section 3.2  Capital Accounts...................................................................................8
Section 3.3  No Rights of Redemption or Return of Contribution ...........................9
Section 3.4  Allocation of Liabilities .......................................................................9

## ARTICLE IV.
### ALLOCATION OF NET INCOME AND NET LOSS

Section 4.1  Determination of Book Value of Company Assets.................................9
Section 4.2  Allocation of Net Income and Net Loss ...............................................9
Section 4.3  Withholding. ........................................................................................10

## ARTICLE V.
### DISTRIBUTIONS; WITHDRAWALS

Section 5.1  Distributions Generally.........................................................................11
Section 5.2  Limitations on Distributions. ...............................................................11
Section 5.3  Loans From and Other Transactions With Members............................12

## ARTICLE VI.
### BOOKS OF ACCOUNT, RECORDS AND REPORTS, FISCAL YEAR

Section 6.1  Books and Records ...............................................................................12
Section 6.2  Annual Reports ....................................................................................12

i

Section 6.3    Fiscal Year ........................................................................................12

## ARTICLE VII.
## POWERS, RIGHTS AND DUTIES OF THE MANAGING MEMBER

Section 7.1    Authority ...........................................................................................13
Section 7.2    Election of Officers; Delegation of Authority ...................................13
Section 7.3    Liability ..............................................................................................13
Section 7.4    Company Funds ..................................................................................14
Section 7.5    Tax Matters Partner............................................................................14
Section 7.6    Expenses .............................................................................................14
Section 7.7    Indemnification of Managing Member ...............................................14

## ARTICLE VIII.
## TRANSFERS OF INTERESTS BY THE MEMBERS

Section 8.1    Transfers Prohibited............................................................................15
Section 8.2    Certain Company Criteria ...................................................................15

## ARTICLE IX.

## WITHDRAWAL OF THE MANAGING MEMBER;
## TERMINATION OF COMPANY;
## LIQUIDATION AND DISTRIBUTION OF ASSETS

Section 9.1    Withdrawal of the Managing Member; Removal. ..............................16
Section 9.2    Dissolution of Company. .....................................................................17
Section 9.3    Distribution in Liquidation .................................................................18
Section 9.4    Termination.........................................................................................18

## ARTICLE X.
## AMENDMENT OF AGREEMENT

Section 10.1    Amendments .......................................................................................18
Section 10.2    Amendment of Certificate...................................................................18
Section 10.3    Prohibition Against Certain Amendments ..........................................19

## ARTICLE XI.
## REQUIRED RECORDS

Section 11.1    Access to Required Records. ...............................................................19

## ARTICLE XII.
## MISCELLANEOUS

Section 12.1    Governing Law ...................................................................................19
Section 12.2    Effect   19
Section 12.3    Waiver of Right to Partition................................................................20

06/28/00  10:58

Section 12.4   Additional Documents and Acts ..........................................................................20
Section 12.5   Pronouns and Number.....................................................................................20
Section 12.6   Captions ..........................................................................................................20
Section 12.7   Severability ......................................................................................................20
Section 12.8   Notices .............................................................................................................20
Section 12.9   Consent to Jurisdiction and Service of Process ...........................................22

ANNEX A  Membership Units
EXHIBIT A  Form of Solvency Certificate

NY_DOCS\25813 12 (W97)

06/28/00  10.58

**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**ISLEY BROTHERS, L.L.C.**

LIMITED LIABILITY COMPANY AGREEMENT of ISLEY BROTHERS, L.L.C. (the "Company"), dated as of June 21, 2000. Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in Article II, or if not defined therein, in Appendix A to the Indenture referred to below.

**ARTICLE I.**

**FORMATION OF THE COMPANY**

Section 1.1    Formation of the Company.  The Company was formed as a limited liability company under the Act by the filing of the Certificate with the Office of the Secretary of State of Delaware on January 13, 2000.  The Managing Member shall accomplish all filing, recording, publishing and other acts necessary or appropriate for compliance with all requirements for operation of the Company as a limited liability company under this Agreement and the Act and under all other laws of the State of Delaware and such other jurisdictions in which the Company determines that it may conduct business.

The Members specifically intend and agree that the Company shall, for purposes of the Code, be taxed as a partnership.  Subject to the foregoing, the Members specifically intend and agree that the Company shall not be a partnership (including, but not necessarily limited to, a limited partnership) or any other venture, but a limited liability company under and pursuant to the Act.  No Member shall be construed to be a partner in the Company or a partner of any other Member or person, and the Certificate, this Agreement and the relationships created thereby and arising therefrom shall not be construed to suggest otherwise.  The Members hereby acknowledge and agree that the Managing Member and Christina Saber are both "authorized persons" within the meaning of Section 18-204 of the Act.

Section 1.2    Name.  The name of the Company is "Isley Brothers, L.L.C.", as such name may be modified from time to time by the Managing Member as it may deem advisable.

Section 1.3    Business of the Company.  Subject to the further limitations on the activities of the Company otherwise specified in this Agreement, the business of the Company shall be limited to the following:

(a)    to enter into, perform under and comply with (i) an Indenture, as amended from time to time (the "Indenture"), by and between the Company, as issuer, and Manufacturers and Traders Trust Company, as trustee ("Trustee"); (ii) a Capital Contribution Agreement (the "Contribution Agreement"), between the Initial Members, the Managing Member, the Isley Entities and the Company; (iii) a Note Purchase Agreement (the "Note Purchase Agreement") for the sale of the Notes issued under the Indenture and (iv) any other agreements in furtherance

of the transactions contemplated by the agreements listed in (i) and (ii) above of which the Managing Member shall approve;

(b)     to own and hold Assets;

(c)     to fund the Company's activities by issuing securities under the Indenture, and in connection therewith and as security for the repayment thereof, to pledge and assign as security all of its right, title and interest in and to the Assets, the Contribution Agreement and such related rights, agreements, property, proceeds and such other assets specified in the Granting Clause to the Indenture (collectively, the "Collateral"),

(d)     to use the proceeds derived from the securities issuances under the Indenture to fund the acquisition of Assets and to carry out any related activities in accordance with the Transaction Documents;

(e)     to sell Assets that are owned by the Company directly or indirectly through one or more trustees to or through one or more affiliated or non-affiliated entities (including whole-asset sales and sales through securitizations) and to apply the proceeds of any such sale to the repayment of prior indebtedness, as the Managing Member shall deem necessary or advisable or as required by the Company's material contracts;

(f)     to enter into, make and perform all contracts and other undertakings, and engage in all activities and transactions, as the Managing, Member may deem necessary or advisable to carry out the foregoing objects and purposes, including, but not limited to, any activities or transactions necessary to effectuate any securitization transactions for Assets contemplated by the Transaction Documents and/or approved by the Managing Member; and

(g)     except as otherwise limited herein, to enter into, make and perform all contracts and other undertakings, and engage in all activities and transactions as the Managing Member may reasonably deem necessary or advisable to the carrying out of the foregoing businesses of the Company.

Section 1.4    Location of Principal Place of Business.  The location of the principal place of business of the Company shall be c/o Isley Management, 10866 Wilshire Boulevard, Suite 560, California 90024, or such other location as may be determined by the Managing Member.  In addition, the Company may maintain such other offices as the Managing Member may deem advisable at any other place or places within or without the State of California.  The Company shall not move the location of its principal place of business without providing the Trustee with at least ten (10) days prior written notice of such change in location.

Section 1.5    Registered Agent.  The registered agent for the Company shall be CT Corporation System, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 or such other registered agent as the Managing Member may designate from time to time.

Section 1.6    Term.  The term of the Company commenced on January 13, 2000, and shall continue until December 31, 2030, unless the Company is earlier dissolved and terminated in accordance with the provisions of this Agreement.

NY_DOCS\425813.12 [W97]

Section 1.7 <u>Tax Partners</u>. The Members agree that solely for United States federal, state and local income tax purposes, they constitute partners of the Issuer ("<u>Tax Partners</u>") and that their rights and obligations as Tax Partners are such as are set forth in this Agreement. Neither the Company nor any Member, officer, manager or agent of the Company shall have the power to make the election prescribed in Section 301.7701-3(c) of the Treasury regulations to treat the Company as an association taxable as a corporation for federal income tax purposes (or to make any equivalent election under the laws of any state or local jurisdiction).

Section 1.8 <u>Special Restrictions</u>. Notwithstanding any provision hereof to the contrary, the following provision shall govern the operations of the Company: in order to preserve and ensure its separate and distinct identity, in addition to the other provisions set forth in this Agreement, the Company shall conduct its affairs in accordance with the following, provisions:

(a) it shall establish and maintain an office through which its activities shall be conducted separate and apart from those of its Members or any affiliate (although it may be a separately identifiable space leased or subleased by an affiliate to the Company) or any overhead for shared office space shall be allocated fairly among the Company, its Members or any affiliate, as applicable;

(b) it shall maintain separate records and books of account from those of its Members or any affiliate of its Members.

(c) its Members shall hold appropriate meetings (or act by consent) to authorize all appropriate actions, if necessary and shall observe all other necessary formalities; and

(d) it shall:

(i) maintain its books, records and bank accounts separate from those of any other person or entity;

(ii) not commingle its assets with those of any other person or entity and hold all of its assets in its own name;

(iii) conduct its own activities under its own name;

(iv) maintain separate financial statements, showing its assets and liabilities separate and apart from those of any other person or entity, and not have its assets listed on the financial statements of any other entity;

(v) except pursuant to the Transaction Documents, pay its own liabilities out of its own funds;

(vi) file tax returns separate from those of any other entity and not file a consolidated federal income tax return with any other entity;

(vii) maintain an arm's-length relationship with its affiliates, and enter into transactions with affiliates only on a commercially reasonable basis;

(viii)   pay the salaries of its own employees and maintain a sufficient number of employees in light of its contemplated activities;

(ix)   not guarantee or become obligated for the debts of any other person or entity or hold out its credit as being available to satisfy the obligations of others;

(x)   not acquire obligations or securities of its Members;

(xi)   not buy or hold evidence of indebtedness issued by any other person or entity (other than cash and investment grade securities);

(xii)   use separate stationery, invoices, and checks bearing its own name;

(xiii)   not pledge its assets for the benefit of any person or entity, other than to the Trustee for the benefit of the Noteholders pursuant to the Indenture;

(xiv)   hold itself out as a separate entity;

(xv)   correct any known misunderstanding regarding its separate identity;

(xvi)   maintain adequate capital in light of its contemplated activities;

(xvii)   except as provided in the Transaction Documents, not incur any indebtedness;

(xviii)   except as provided in the Transaction Documents, not engage in any dissolution, liquidation, consolidation, merger or sale of its assets for so long as the Notes are outstanding;

(xix)   except as provided in the Transaction Documents, not to make loans or advances to any other person or entity;

(xx)   allocate fairly and reasonably any overhead expenses that are shared with an affiliate, including paying for office space and services performed by any employee of an affiliate; and

(xxi)   not identify itself or hold itself out as a division of any other person or entity.

## ARTICLE II.

## DEFINITIONS

"Act" means the Delaware Limited Liability Company Act, Chapter 434 of Title 6 of the Delaware Code, 6 Del. Code § 18-101 et seq., as in effect on the date hereof and as it may be amended hereafter from time to time.

"Agreement" means this Limited Liability Company Agreement, as amended, modified or supplemented from time to time.

"Bankruptcy" has the meaning specified in the Act.

"Book Value" shall have the meaning given to it in Section 4.1.

"Capital Account" means the account of any Member, maintained as provided in Section 3.2.

"Certificate" means the Certificate of Formation of the Company, as amended, modified or supplemented from time to time.

"Company" means the limited liability company formed by the filing of the Certificate and governed by this Agreement under the name "Isley Brothers, L.L.C."

"Controlling Class" has the meaning specified in the Standard Definitions attached as Appendix A to the Indenture.

"Financial Rights" means a Member's rights to share in profits and losses, a Member's rights to receive distributions and a Member's Capital Account.

"Fiscal Year" has the meaning specified in Section 6.3.

"Governance Rights" means all of a Member's rights as a Member in the Company, other than Financial Rights and the right to assign Financial Rights.

"Indenture" means the Indenture dated as of June 21, 2000 between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as the same may be amended, supplemented and otherwise modified from time to time.

"Initial Members" means Ronald Isley and Rudolph Isley.

"Managing Member" means Isley Brothers Royalty Venture I SPC, Inc., or any other Member designated as its Successor pursuant to Section 9.1(b).

"Majority" has the meaning specified in the Standard Definitions attached as Appendix A to the Indenture.

"Member" means the Initial Members, the Managing Member and any other Person that has become a member of the Company in accordance with Section 8.1 at the time of reference thereto; provided that if any such Person is deemed to have withdrawn pursuant to Section 8.1, such Person is thereafter no longer a Member.

"Membership Interest" means the Financial Rights and Governance Rights to which a Member is entitled under this Agreement.

"Membership Unit" has the meaning stated in Section 3.1.

"Net Income" and "Net Loss", respectively, for any period means the income or loss of the Company for such period as determined in accordance with the method of accounting followed by the Company for United States Federal income tax purposes, including, for all purposes, any income exempt from tax and any expenditures of the Company which are described in Section 705(a)(2)(B) of the Code and otherwise adjusted as required by Regulations 1.704-1(b) and 1.704-2, provided, that any item allocated under Section 4.2 shall be excluded from the computation of Net Income and Net Loss.

"Person" means any individual, partnership, limited liability company, association, corporation, trust or other entity.

"Regulation" means a Treasury Regulation promulgated under the Code.

"Required Records" means those records that the Company is required to maintain to satisfy compliance requirements of applicable federal and state laws.

"Tax Matters Partner" has the meaning, set forth in Section 7.5.

"Tax Partners" has the meaning set forth in Section 1.7.

"Termination of Governance Restrictions" means the time at which all amounts outstanding under the Indenture have been fully paid (or provision therefor has been made) according to its terms and there is no outstanding debt of the Company that has been rated by a national securities rating agency at the request of the Company.

"Transaction Documents" means the Indenture, the Contribution Agreement, the Note Purchase Agreement and such other documents and agreements necessary and ancillary thereto and which the Company is not expressly forbidden to enter into under Section 1.3 or 1.8 hereof.

"Transfer" includes an assignment, conveyance, hypothecation, lease, mortgage, pledge, security interest, deed, encumbrance, and gift.

## ARTICLE III.

## CAPITAL CONTRIBUTIONS

Section 3.1    Capital Contributions.  (a)  Ownership rights in the Company are reflected in Membership Units; provided, however, that a Member is not required to own any Membership Units in order to be a Member hereunder if such Member is otherwise admitted as a Member pursuant to the provisions of this Agreement.  Each Membership Unit, subject to Section 4.2(c) and Section 9.3, has equal rights with every other Membership Unit with respect to sharing of Net Income and Net Losses and with respect to distributions.

(b)      The Company will not issue any certificates of Membership Units, but will at the written request of a Member provide certified statements of Company interests, stating the number of Membership Units owned, as well as any effective assignments of rights under those Membership Units, as of the date the statement is provided.

NY_DOCS\425813.12 [W97]

FILED DATE: 6/13/2024 2:28 PM   2023P007723

(c)     Concurrently with the execution of this Agreement, Isley Brothers Royalty Venture I SPC, Inc. shall make a capital contribution of cash in the amount of $100 representing a 1% interest in the Company.  In return for such capital contribution, Isley Brothers Royalty Venture I SPC, Inc. shall be issued the Membership Units identified on Annex A and, simultaneously with such issuance, Isley Brothers Royalty Venture I SPC, Inc. shall become the Managing Member.  The Managing Member may make additional contributions of cash or property from time to time in its sole discretion.  The Managing Member shall have no obligation to make additional capital contributions.  Pursuant to the Contribution Agreement, the Initial Members are obligated to, and shall, contribute to the Company the Assets identified in the Contribution Agreement.

(d)     In return for the contribution of Rudolph's Assets owned by Rudolph to the capital of the Company, Rudolph shall receive within ninety (90) days of such contribution cash equal to his pro rata share of the proceeds of the issuance of securities under the Indenture less (A) his pro rata share of the amount of expenses relating to the issuance of securities under the Indenture and (B) his pro rata share of any reserves or escrows required to be established under the Indenture, in each case based on the proportionate value of Rudolph's Assets owned by Rudolph to the value of all of the Assets.   In consideration for all other property and rights transferred to the Company by Ronald and Rudolph and by agreement of the parties hereto, each of Ronald and Rudolph shall receive the Membership Units identified on Annex A (taken to and rounded at four decimal points) as being allocated to him, and simultaneously with such issuance each of Ronald and Rudolph shall be admitted to the Company as a Member.   In return for the sale of Rudolph's Assets owned by each of the Isely Entities to the LLC, each Isley Entity shall receive within ninety (90) days of such sale cash equal to its pro rata share of the proceeds of the issuance of securities under the Indenture less (A) its pro rata share of the amount of expenses relating to the issuance of securities under the Indenture and (B) its pro rata share of any reserves or escrows required to be established under the Indenture, in each case based on the proportionate value of Rudolph's Assets owned by such Isley Entity to the value of all of the Assets.

(e)     Isley Brothers Royalty Venture I SPC, Inc. covenants and agrees at all times to have on its Board of Directors at least two Directors who are Independent.

(f)     In the event the Company requires additional funds, the Managing Member shall so notify the Members, and the Members may, in their discretion, make additional capital contributions to the Membership in proportion to the number of Membership Units owned or otherwise as approved by the Managing Member; in either case, upon the making of such capital contributions, the contributing members shall provide a Solvency Certificate (a form of which is attached hereto as Exhibit A) to the Trustee.

(g)     A whole Membership Unit shall represent a contribution of $10 made or deemed to have been made by each Member and, for each Member, a fraction of a Membership Unit representing a contribution of less than $10 may be added if necessary.

Section 3.2     Capital Accounts.  The Managing Member shall establish a Capital Account for each Member making a contribution and owning a Membership Unit (or fraction

7

thereof) on the books of the Company.  The Managing Member shall maintain each Account according to the following rules:

(a)     Each Member's Capital Account shall be increased by:

(i)     the amount of any money contributed by the Member to the Company;

(ii)    the fair market value of any property contributed by the Member to the Company;

(iii)   the amount of Net Income allocated to the Member; and

(iv)    the amount of any Company liabilities assumed by such Member (or taken subject to) if property is distributed to the Member by the Company;

and shall be decreased by:

(v)     the amount of any money distributed to the Member by the Company;

(vi)    the fair market value of any property distributed to the Member by the Company;

(vii)   the amount of Net Losses allocated to the Member; and

(viii)  the amount of any Member liabilities assumed by the Company (or taken subject to) if property is contributed to the Company by the Member.

The foregoing provisions and the other provisions of this Agreement relating, to the maintenance of Capital Accounts are intended to comply with Regulations under Section 704(b) of the Code and, to the extent not inconsistent with the provisions of this Agreement, shall be interpreted and applied in a manner consistent with such Regulations.

(b)     No Member shall be entitled to receive any interest on or in respect of any amount credited to its Capital Account.

Section 3.3     No Rights of Redemption or Return of Contribution.  No Member has a right to have its Membership Units redeemed or its capital contribution returned prior to the termination of the Company, even if the Member terminates its membership prior to termination of the Company.

Section 3.4     Allocation of Liabilities.  All of the "excess non-recourse liabilities" of the Issuer evidenced by securities issued under the Indenture shall be allocated, for purposes of Regulation 1.752-3(3), to the Members other than the Managing Member in proportion to their respective Membership Units (exclusive of the Membership Units of the Managing Member).

FILED DATE: 6/19/2024 4:28 PM  2023P007723

## ARTICLE IV.

## ALLOCATION OF NET INCOME AND NET LOSS

Section 4.1    Determination of Book Value of Company Assets.

(a)    Except as set forth below, Book Value of any Company asset is its adjusted basis for federal income tax purposes.

(b)    The initial Book Value of any assets contributed by a Member to the Company shall be the gross fair market value of such assets at the time of such contribution.

(c)    The Book Values of all of the Company's assets may be adjusted by the Company to equal their respective gross fair market values, as determined by the Members, as of the following times:  (i) the admission of a new Member to the Company or the acquisition by an existing Member of an additional interest in the Company from the Company; (ii) the distribution by the Company of money or property to a retiring or continuing Member in consideration for the retirement of all or a portion of such Member's interest in the Company; (iii) the termination of the Company for federal income tax purposes pursuant to Section 708(b)(1)(B) of the Code; and (iv) such other times as determined by the Members.

(d)    The Book Value of a Company asset shall be adjusted for the depreciation and amortization of such asset taken into account in computing Net Income and Net Losses and for Company expenditures and transactions that increase or decrease the asset's federal income tax basis.

Section 4.2    Allocation of Net Income and Net Loss.  The Company's Net Income or Net Loss, as the case may be, and each item of income, gain, loss and deduction entering into the computation thereof for each Fiscal Year, shall be allocated to the Tax Partners as follows:

(a)    (i) Net Income shall first be allocated in proportion to, and to the extent of, the excess of prior allocations of Net Losses under Section 4.2(b)(ii) below over prior allocations of Net Income under this Section 4.2(a)(i) and, then, (ii) among the Members in proportion to their Membership Units.

(b)    (i) Net Losses shall first be allocated among the Members in proportion to their Membership Units until the Capital Account of any Member is reduced to zero, then (ii) among the Members in proportion to, and to the extent of, their positive Capital Account balances and, finally, (iii) to the Members in proportion to their Membership Units.

(c)    Tax credits, if any, shall be allocated among the Members in proportion to their Membership Units.

(d)    When the Book Value of a Company asset differs from its basis for federal or other income tax purposes, solely for purposes of the relevant tax and not for purposes of computing Capital Account balances, income, gain, loss, deduction and credit shall be allocated

9

among the Members under the traditional method with curative allocations under Regulation Section 1.704-3(c) (or any successor provision thereof).

(e)     Notwithstanding the foregoing, no Net Income or Net Losses (or items of income, gain, loss, deduction or credit entering into the computation thereof) shall be allocated to the Managing Member, and to the extent Net Income and Net Losses are required to be allocated under the terms of this Agreement to the Members in proportion to their Membership Units, the proportions of the total Membership Units held by each other Member shall be determined as if no Membership Units were held by the Managing Member.

Section 4.3     Withholding. (a) The Company shall comply with withholding requirements under United States Federal, state and local law and shall remit amounts withheld to and file required forms with the applicable jurisdictions. To the extent the Company is required to withhold and pay over any amounts to any authority with respect to distributions or allocations to the Managing Member, the amount withheld shall be deemed to be, at the option of the Managing Member, either a distribution to, or a demand loan by, the Company to the Managing Member in the amount of the withholding.

(b)     If any amount was withheld on income received by the Company and the amount of the withholding was calculated, under applicable law, with respect to income allocable to some (but not all) of the Members, such withholding shall be allocated, in a manner reasonably determined by the Managing Member, to the Members with respect to whom the withholding was calculated, and distributions shall be adjusted accordingly.

ARTICLE V.

DISTRIBUTIONS; WITHDRAWALS

Section 5.1     Distributions Generally. (a) Except as provided in Section 5.1(b), no Member has a right to any distribution prior to the dissolution of the Company.

(b)     The receipts of the Company, after deduction of the expenditures of the Company (including, without limitation, amounts owing under the Indenture) and such reasonable reserves for contingencies, accrued but unpaid expenditures and general working capital requirements as the Managing Member determines is prudent in the circumstances, shall, subject to such restrictions on distributions as may apply under the Transaction Documents, be distributed at the times set forth below to the Members in proportion to the number of Membership Units owned:

(i)     The Company may make distributions to each Member on account of its entitlement to distributions under this Section 5.1(b) in an amount equal to the amount of any federal, state or local income taxes, together with any interest, penalties and additions to tax thereon that the Managing Member determines are payable by such Member or any of its owners or beneficiaries (if such Member is not itself a taxpayer) in respect of the Members' distributive shares of Company items (collectively "Taxes"). Such distributions may be made as and when any such Taxes become due and payable.

(ii)     At such time as determined by the Managing Member.

10

(c)      Subject to the provisions of Section 5.2, upon dissolution of the Company, the Company shall make a distribution to the Managing Member in an amount equal to the value of the capital contribution made in cash by the Managing Member.

Section 5.2      Limitations on Distributions.

(a)      Notwithstanding anything herein contained to the contrary:

(i)      no distribution pursuant to this Agreement shall be made if such distribution would result in a violation of the Act;

(ii)      no distribution shall be made if such distribution would violate the terms of any agreement to the extent applicable or any other instrument to which the Company is a party, including, without limitation, the Indenture;

(iii)      all distributions are subject to set-off by the Company for any past-due obligation of a Member to make a contribution to the Company; and

(iv)      no distribution shall be made to the Managing Member that would result in the Managing Member receiving distributions in excess of the amount contributed by the Managing Member to the capital of the Company pursuant to paragraph (c) of Section 3.1.

(b)      In the event that a distribution is not made as a result of the application of paragraph (a) of this Section 5.2, all amounts so retained by the Company shall continue to be subject to all of the debts and obligations of the Company. The Company shall make such distribution (without interest) as soon as such distribution would not be prohibited pursuant to this Section 5.2.

Section 5.3      Loans From and Other Transactions With Members. The Company may not borrow money from or enter into other transactions not authorized herein with a Member.

ARTICLE VI.

BOOKS OF ACCOUNT, RECORDS AND REPORTS, FISCAL YEAR

Section 6.1      Books and Records. Proper and complete records and books of account shall be kept by the Company in which shall be entered fully and accurately all transactions and other matters relative to the Company's business as are usually entered into records and books of account maintained by Persons engaged in businesses of a like character. The Company books and records shall be kept in a manner determined by the Managing Member in its sole discretion to be most beneficial for the Company.

Section 6.2      Annual Reports. The Company shall file an Internal Revenue Service Form 1065 and, within 90 days after the end of each Fiscal Year, the Company shall send to each Person who was a Member or a Tax Partner in the Company at any time during such Fiscal Year a copy of Schedule K-1 to Internal Revenue Service Form 1065 (or any successor form),

indicating such Member's or such Tax Partner's share of the Company's income, loss, gain, expense and other items relevant for United States Federal income tax purposes.

Section 6.3    Fiscal Year.  The fiscal year of the Company (the "Fiscal Year") shall be the calendar year; provided that the last Fiscal Year of the Company shall end on the date on which the Company is terminated.

## ARTICLE VII.

## POWERS, RIGHTS AND DUTIES OF THE MANAGING MEMBER

Section 7.1    Authority.  Subject to the limitations provided in this Agreement, the Managing Member shall have exclusive and complete authority and discretion to manage the operations and affairs of the Company and to make all decisions regarding the business of the Company.  Any action taken by the Managing Member on behalf of the Company shall constitute the act of and serve to bind the Company.  In dealing with the Managing Member acting on behalf of the Company, no Person shall be required to inquire into the authority of the Managing Member to bind the Company.  Persons dealing with the Company are entitled to rely conclusively on the power and authority of the Managing Member as set forth in this Agreement.

The Managing Member shall at all times be a limited purpose, bankruptcy remote corporation with two "Independent Directors" (as currently defined in the certificate of incorporation of the Managing Member) and with organizational documents substantially identical to those of the Managing Member as of the date hereof.  The Managing Member shall take no action hereunder or otherwise in the name of or on behalf of the Company on any date on which it has less than two such Independent Directors then currently serving as directors of the Managing Member.

The Managing Member hereby acknowledges that when voting on matters in respect of the Company, notwithstanding that the Company is not then insolvent, the Independent Directors shall take into account the interests of creditors of the Company as well as the interests of the Company.

Section 7.2    Election of Officers; Delegation of Authority.  The Managing Member may, from time to time, designate one or more officers with such titles as may be designated by the Managing Member to act in the name of the Company with such authority as may be delegated to such officer(s) by the Managing Member.  Any such officer shall act pursuant to such delegated authority until such officer is removed by the Managing Member.  Any action taken by an officer designated by the Managing Member shall constitute the act of and serve to bind the Company.  In dealing with the officers acting on behalf of the Company, no Person shall be required to inquire into the authority of the officers to bind the Company.  Persons dealing with the Company are entitled to rely conclusively on the power and authority of any officer set forth in this Agreement and any instrument designating such officer and the authority delegated to him or her.

12

Section 7.3    Liability.  Subject to the provisions of the Act, no Member shall be liable for the repayment, satisfaction or discharge of any Company liabilities in excess of the balance of such Member's capital contribution.  No Member shall be personally liable for the return of any portion of the capital contributions (or any return thereon) of any other Member.

Section 7.4    Company Funds.  Company funds shall be held in the name of the Company and shall not be commingled with those of any other Person.  Company funds shall be used only for the business of the Company.

Section 7.5    Tax Matters Partner.  For purposes of Section 6231(a)(7) of the Code, the "Tax Matters Partner" shall be the Managing Member.

Section 7.6    Expenses.  The Company shall pay for all expenses incurred in connection with the operation of the Company's business.  The Managing Member shall be entitled to receive out of Company funds reimbursement of all Company expenses expended by the Managing Member or any of its affiliates.

Section 7.7    Indemnification of Managing Member.  The Company shall indemnify and hold harmless the Managing Member, its shareholders, its officers and directors and the Affiliates of the Managing Member, and their respective officers, agents and employees (herein the "Indemnified Party"), from and against any loss, expense, damage or injury suffered or sustained by them, by reason of any acts, omissions or alleged acts or omissions arising out of or in connection with the Company or this Agreement, Including but not limited to any judgment, award, settlement, reasonable attorneys' fees and other costs or expenses incurred in connection with the defense of any actual or threatened action, proceeding or claim and including any payments made by the Managing Member to any Affiliate, the shareholders in the Managing Member, any officer or director of the shareholders in the Managing Member, or any of their respective officers, agents or employees pursuant to an indemnification agreement no broader than this Section 7.7, unless such acts, omissions or alleged acts or omissions upon which such actual or threatened action, proceeding or claims are based were performed or omitted fraudulently or in bad faith or constituted gross negligence or willful misconduct by such Indemnified Party.  Any indemnification pursuant to this Section 7.7 shall only be from the assets of the Company.

ARTICLE VIII.

TRANSFERS OF INTERESTS BY THE MEMBERS

Section 8.1    Transfers Prohibited.

(a)    Subject to clause (b) and any other restrictions imposed by the Transaction Documents, no Member may Transfer a Membership Unit or any interest or rights therein to anyone or any party without the consent of the other Members.

(b)    No Member may transfer any interest or right in and to Membership Units or the Company unless the Managing Member shall have received an opinion of counsel in form and substance and from counsel reasonably satisfactory to the Trustee under the Indenture to the

13

effect that, based upon such factual representations as such counsel shall request, (i) the proposed transfer will not cause the Company to be a publicly traded partnership within the meaning of Section 7704 of the Code and (ii) the proposed transfer will not cause (A) the Company to be an investment company within the meaning of the Investment Company Act of 1940, as amended or (B) the loss of any exemption under the Securities Act of 1933, as amended, available with respect to the issuance of any Membership Units or the issuance or sale of the securities under the Indenture or other activities of the Company authorized in this Agreement.

(c)     Upon any Transfer of Membership Units in compliance with the provisions of this Agreement, the transferee shall be deemed admitted to the Company as a Member and immediately thereafter the transferor shall be deemed withdrawn as a Member.

(d)     A Member shall not transfer directly or indirectly, Membership Units held by it to a transferee, which transferee, after such transfer, in the aggregate with the ownership interests of its affiliates and family members in the Company will hold in excess of 49% of all Membership Units (i) without the written consent of any lender holding outstanding debt of the Company exceeding $250,000 and (ii) if there is outstanding any debt of the Company which has been assigned a rating by a securities rating agency at the request of the Company, without a written confirmation from such rating agency that such rating will not be withdrawn or downgraded as a result of the proposed transfer.

(e)     Upon any Transfer of Membership Units in contravention of this Agreement, the transferee shall acquire no rights of the transferor, and the transferor shall remain a Member for all purposes of this Agreement; provided, however, that to the extent the Company is required to recognize such a Transfer, the transferee shall only be entitled to the transferor's Financial Rights.

Section 8.2     Certain Company Criteria.  Notwithstanding the foregoing or anything else herein to the contrary, no Membership Units may be issued or transferred to, and in no event shall any Member be, a Person that is not a United States Person within the meaning of Section 7701(a)(30) of the Code, and any purported issuance or transfer of a Membership Unit to a Person that is not such a United States Person will be void ab initio and of no effect, and any purported Member who is not such a United States Person will not be a Member hereunder and will not have an interest in the Company and any purported transfer to a Person which is not such a United States Person will not be recognized.

ARTICLE IX.

WITHDRAWAL OF THE MANAGING MEMBER;
TERMINATION OF COMPANY;
LIQUIDATION AND DISTRIBUTION OF ASSETS

Section 9.1     Withdrawal of the Managing Member; Removal.

(a)     The Managing Member shall not at any time resign or withdraw from the Company and must at all times retain its Membership Units.

14

(b)     The Managing Member may be removed as Managing Member of the Company without its consent only upon the vote of the other Members and only by reason of (i) the Managing Member's fraud, willful misconduct or gross negligence in the operations of the Company as determined by a final adjudication of a court of competent jurisdiction or (ii) the bankruptcy of the Managing Member.  Upon such removal, a successor Managing Member shall be appointed by a majority of the Members based on Membership Units held by such Members (or the Trustee under the Indenture on behalf of the Members at the direction of a Majority of the Controlling Class prior to a Termination of Governance Restriction if the Members do not appoint a Managing Member with twenty (20) business days) pursuant to this Section 9.1.  No removal of a managing Member under this Section 9.1(b) will result in the liquidation or dissolution of the Company if a successor Managing Member is appointed pursuant to this Section 9.1 within thirty (30) business days of such removal.  The successor Managing Member shall be an individual Member that is a special purpose bankruptcy remote company with at least two (2) independent directors having qualifications similar, and organizational documents substantially identical, to the initial Managing Member (including those qualifications set forth in Section 7.1 hereof) and shall be selected by unanimous action of the remaining Members; provided that the appointment of such successor Managing Member shall not result in the downgrade or withdrawal of the then-current rating of any outstanding debt of the Company that is then rated.

(c)     The admission of a successor Managing Member pursuant to this Section shall be effective only if and after the following conditions are satisfied:

(i)     the admission of such successor Managing Member shall not adversely affect the treatment for U.S.  Federal income tax purposes of the Company;

(ii)     a non-consolidation opinion shall have been delivered to the holder of any indebtedness of the Company in the amount of $250,000 or more, any rating agency that has assigned a rating to the obligations of the Company, the Company and each remaining Member in respect of the non-consolidation of each remaining Member of the Company with the prospective successor Managing Member; and

(iii)     any person designated as a successor Managing Member pursuant to this Section shall have become a party to, and adopted all of the terms and conditions of, this Agreement.

(d)     Amendments to this Agreement necessary to reflect the replacement of the Managing Member by a successor Managing Member shall be executed by the Successor Managing Member.

Section 9.2     Dissolution of Company.

(a)     The Company may only be dissolved, wound up and terminated as provided in this Article IX.  The Company shall be dissolved, wound up and terminated upon the first to occur of the following:

(i)     December 31, 2030;

15

(ii)    the sale of all or substantially all of the Company's assets; and

(iii)   the bankruptcy of its Managing Member if no successor is appointed pursuant to <u>Section 9.1</u>;

<u>provided</u>, <u>however</u>, that the Company shall not be dissolved without the consent of the Trustee (so long as Notes issued under the Indenture remain outstanding).

(b)    In the event of the dissolution of the Company for any reason, the Managing Member or his successors or assigns or a person appointed by the Managing Member on behalf of the Company (any such person, the "<u>Liquidator</u>") shall commence to wind up the affairs of the Company and to liquidate the Company's assets. The Liquidator shall have full right and unlimited discretion to determine the time, manner and terms of any sale or sales of Company assets pursuant to such liquidation, giving due regard to the activity and condition of the relevant market and general financial and economic conditions.

(c)    The Liquidator shall have all of the rights and powers with respect to the assets and liabilities of the Company in connection with the liquidation and termination of the Company that it would have with respect to the assets and liabilities of the Company during the term of the Company.

(d)    Notwithstanding the foregoing, a Liquidator which is not the Managing Member shall not be deemed the Managing Member in this Company and shall not have any of the economic interests in the Company of the Managing Member.

(e)    Without the affirmative vote of each of the Members, including the Managing Member by action by unanimous written consent of its Board of Directors, the Company may not institute proceedings to be adjudicated bankrupt or insolvent; or consent to the institution of bankruptcy or insolvency proceedings against it; or file a petition seeking, or consent to, reorganization or relief under any applicable federal or state law relating to bankruptcy; or consent to the appointment of a receiver, liquidator, assignee, trustee, sequestrator (or other similar official) of the Company or a substantial part of its property; or make any assignment for the benefit of creditors; or admit in writing its inability to pay its debts generally as they become due; or dissolve, consolidate, merge, or sell substantially all of the assets of the Company; or engage in any other business activity; or amend the Company's organizational documents; or take any corporate action in furtherance of any such action.

Section 9.3    <u>Distribution in Liquidation</u>.  The Company's assets shall be applied in the following order of priority:

(a)    to payment and discharge of the claims of all creditors of the Company who are not Members;

(b)    to payment and discharge pro rata of the claims of all creditors of the Company who are Members;

16

(c)     to the establishment of any reserves the Managing Member deems necessary, provided that if and when the need therefor shall cease, the monies, if any, then in the particular reserve shall be distributed as provided by subsection (d) of this Section; and

(d)     to the Members in accordance with their Capital Accounts.

Section 9.4     Termination.  The Company shall terminate when all property owned by the Company shall have been disposed of and the assets shall have been distributed as provided in Section 9.3.  The Liquidator shall then execute and cause to be filed a Certificate of Cancellation of the Company.

ARTICLE X.

AMENDMENT OF AGREEMENT

Section 10.1     Amendments.  To be effective, any amendment to this Agreement must be approved by (i) the written consent of Members having in excess of 50% of the Membership Units and (ii) until one year and one day after the Termination of Governance Restrictions, the written consent of the Managing Member.  In addition, until the Termination of Governance Restrictions, any amendment to this Agreement (i) is subject to the limitations and restrictions imposed by the Transaction Documents and (ii) must also be the subject of a written confirmation from each securities rating agency then rating the outstanding debt securities of the Company at the request of the Company that the amendment, in and of itself, will not cause such service to withdraw or lower its then current rating on such debt securities.

Section 10.2     Amendment of Certificate.  In the event this Agreement shall be amended pursuant to this Article X, the Managing Member shall amend the Certificate to reflect such change if it deems such amendment of the Certificate to be necessary or appropriate.

Section 10.3     Prohibition Against Certain Amendments.  Notwithstanding Section 10.1 hereof or anything in this Agreement to the contrary, and until the Termination of Governance Restrictions, Sections 1.3, 1.7, 1.8, 3.1, 6.2, 7.1, 8.1, 9.1, 9.2(a), 9.2(e), and 10.3 hereof and Article V hereof (the "Restricted Sections") shall not be amended without the affirmative written vote of the Managing Member (by the affirmative vote of all Independent Directors thereof) and, until the Termination of the Governance Restrictions, without the consent of each holder of any indebtedness of the Company in the amount of $250,000 or more and the confirmation from any rating agency that assigned a rating to the obligations of the Company that such rating will not be withdrawn or downgraded as a result of such amendment, and none of the other provisions of this Agreement shall be amended to be inconsistent with the Restricted Sections except by like vote.

17

## ARTICLE XI.

## REQUIRED RECORDS

Section 11.1   Access to Required Records.

(a)     After giving reasonable advance notice to the Company, any Member may inspect and review the Required Records and may, at the Member's expense, have the Company make copies of any portion or all of the Required Records.

(b)     Unless the Company agrees otherwise, all Member access to the Required Records and the financial books and records of the Company must take place during the Company's regular business hours.  The Company may impose additional reasonable conditions and restrictions on Members' access to the Required Records and the financial books and records of the Company, including specifying the amount of advance notice a Member must give and the charges imposed for copying.

## ARTICLE XII.

## MISCELLANEOUS

Section 12.1   Governing Law.  This Agreement and the rights of the parties hereunder shall be governed by and interpreted in accordance with the law of the State of Delaware, without regard to the conflict of law principles thereof.

Section 12.2   Effect.  Except as herein otherwise specifically provided, this Agreement shall be binding upon and inure to the benefit of the parties and their legal representatives, successors and permitted assigns.

Each of the undersigned Members does hereby constitute and appoint the Managing Member as its true and lawful representative and attorney-in-fact, in its name, place and stead to make, execute, sign, acknowledge and file a certificate of formation of the Company, any amendment thereof required because of an amendment of this Agreement or in order to effect any change in the membership of the Company or in the capital contributions of the Members and all such other instruments, documents and certificates which may from time to time be required by the laws of the United States of America, the State of Delaware or any other state in which the Company shall determine to do business, or any political subdivision or agency thereof, to effect, implement, continue and defend the valid existence of the Company.  The foregoing power of attorney is hereby declared to be irrevocable and a power coupled with an interest, and it shall survive the death or dissolution of a Member and extend to such Member's heirs, legal representatives, successors and assigns.

Section 12.3   Waiver of Right to Partition.  Each of the Members irrevocably waives any right of partition with respect to the property and assets of the Company.

18

Section 12.4    Additional Documents and Acts.  Each Member agrees to execute and deliver whatever additional documents and to perform such additional acts as may be necessary or appropriate to effectuate and perform all of the terms, provisions, and conditions of this Agreement and the transactions contemplated by this Agreement.

Section 12.5    Pronouns and Number.  Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in either the masculine, feminine or neuter shall include the masculine, feminine and neuter.

Section 12.6    Captions.  Captions contained in this Agreement are inserted only as a matter of convenience and in no way define, limit or extend the scope or intent of this Agreement or any provision hereof.

Section 12.7    Severability.  If any provision of this Agreement, or the application of such provision to any Person or circumstance, shall be held illegal, invalid or unenforceable, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those to which it is held illegal, invalid or unenforceable, shall not be affected thereby.

Section 12.8    Notices.  Each notice relating to this Agreement shall be in writing and delivered in person or by registered or certified mail.  All notices to the Company shall be addressed to its principal place of business set forth in Section 1.4.  All notices addressed to a Member shall be addressed to such Member at the following address:

Ronald Isley
10866 Wilshire Boulevard
Suite 560
Los Angeles, CA  90024

with a copy to:

Craig Smith, Esq.
Suelthaus & Walsh, Esq.
7733 Forsythe Boulevard
Suite 1200
St. Louis, MO  63105

Rudolph Isley
22 Trout Pond Road
P.O. Box 372
Eldred, NY  12732

with a copy to:

Craig Smith, Esq.
Suelthaus & Walsh, Esq.
7733 Forsythe Boulevard
Suite 1200

19

NY_DOCS\425813.12 [W97]

St. Louis, MO 63105

Isley Brothers Royalty Venture I SPC, Inc.
10866 Wilshire Boulevard
Suite 560
Los Angeles, CA 90024

with a copy to:

Laura DeFelice, Esq.
Latham & Watkins
885 Third Avenue
New York, NY 10022

Any Member may designate a new address by notice to that effect given to the Company. Unless otherwise specifically provided in this Agreement, a notice shall be deemed to have been effectively given to the Company when received by the Company and to have been effectively given to a Member when delivered in person or on the fifth business day after the same shall have been mailed by registered or certified mail to the proper address.

Section 12.9 <u>Consent to Jurisdiction and Service of Process</u>. The parties consent to (i) the non-exclusive jurisdiction of the courts of the State of Delaware and (ii) service of process by mail. Nothing in this <u>Section 12.9</u> shall prevent any party from bringing suit in any other jurisdiction or from serving process by any other legal means.

BOVINA MUSIC, INC.

By:_____
Name:
Title:


T-NECK RECORDS, INC.

By:_____
Name:
Title:


TRIPLE THREE MUSIC, INC.

By:_____
Name:
Title:


THREE BOYS MUSIC CORPORATION

By:_____
Name:
Title:

BOVINA MUSIC, INC.

By:_____
Name:
Title:

T-NECK RECORDS, INC.

By:_____
Name:
Title:

TRIPLE THREE MUSIC, INC.

By:_____
Name:
Title:

THREE BOYS MUSIC CORPORATION

By:_____
Name:
Title:

NY_DOCS\425813 [W97]

IN WITNESS WHEREOF, the undersigned has executed this Agreement as of the date above first written.

MANAGING MEMBER: ISLEY BROTHERS ROYALTY VENTURE I SPC, INC.

By: _____
Name:
Title: Pres.

_____
Ronald Isley, as a Member

_____
Rudolph Isley, as a Member

NY_DOCS\425813 [W97]

BOVINA MUSIC, INC.

By: _____
Name:
Title: _____

T-NECK RECORDS, INC.

By: _____
Name:
Title: _____

TRIPLE THREE MUSIC, INC.

By: _____
Name:
Title: _____

THREE BOYS MUSIC CORPORATION

By: _____
Name:
Title: _____

## Annex A

### MEMBERSHIP UNITS

| Member | Capital Contribution | Membership Units |
|---|---|---|
| Ronald Isley | $4,950 plus $970,597[1] | 495 |
| Rudolph Isley | $4,950 | 495 |
| Isley Brothers Royalty Venture I SPC, Inc. | $100 | 10 |

---

[1] Represents the value of Rudolph's Assets owned by Rudolph in consideration for which Rudolph shall receive his proportionate share of the net proceeds of the issuance of securities under the Indenture pursuant to Section 3.1(d) of this Agreement.

Annex A

Exhibit A

Form of Solvency Certificate

FORM OF SOLVENCY CERTIFICATE

[INSERT NAME OF CONTRIBUTING MEMBER OF ISLEY BROTHERS, L.L.C.]

Whereas, a [type of entity] organized and existing under the laws of the State of a resident of ] (the "Member"), and member of Isley Brothers, L.L.C. (the "LLC") wishes to make an additional capital contribution to the LLC;

I, the undersigned[, an officer of the Member, certify on behalf of the Member], [certify] that:

This Certificate is furnished to Manufacturers and Traders Trust Company (the "Trustee") pursuant to Section 3.1(f) of the Limited Liability Company Agreement of Isley Brothers, L.L.C., dated as of June 21, 2000 (together with all amendments, supplements, restatements and other modifications, if any, from time to time thereafter made thereto, the "LLC Agreement"), by the Member in favor of the Noteholders. Unless otherwise defined herein, capitalized terms used in this Certificate shall have the meanings set forth in the Standard Definitions, attached as Appendix A to the Indenture, dated as of June 21, 2000, by and among the LLC and the Trustee (the "Indenture").

1.     For Purposes of this Certificate, the terms below shall have the following meanings:

a.     "Fair Market Value"

The amount at which the assets of the Member taken as a whole would change hands between a willing buyer and a willing seller, within a commercially reasonable period of time, each having reasonable knowledge of the relevant facts, with neither being under any compulsion to act.

b.     "Present Fair Salable Value"

The amount that may be realized by an independent willing seller from an independent willing buyer if the assets of the Member taken as whole are sold with reasonable promptness in an arm's-length transaction under present conditions for the sale of the assets of the Member taken as a whole.

c.     "Stated Liabilities"

The recorded liabilities (including contingent liabilities that would be recorded in accordance with GAAP) of the Member on a consolidated basis, after giving effect to the additional capital contribution to the LLC, determined in accordance with GAAP consistently applied.

Exhibit A -1

d.   "Identified Contingent Liabilities"

The maximum reasonably estimated amount of liabilities that may result from pending litigation, asserted claims and assessments, guaranties, environmental conditions, uninsured risks and other contingent liabilities of the Member taken as a whole, as identified and explained by [duly authorized officers of] the Member.

e.   "Pay their respective Stated Liabilities and Identified Contingent Liabilities as they mature"

The Member taken as a whole will have sufficient assets and cash flow to pay their respective Stated Liabilities and Identified Contingent Liabilities as those liabilities mature or otherwise become payable.

f.   "Does not have Unreasonably Small Capital"

The Member taken as a whole, after giving effect to the additional capital contribution to the LLC, is a going concern and has sufficient capital to ensure that it will continue to be a going concern and does not lack sufficient capital for its needs and anticipated needs, including without limitation, Identified Contingent Liabilities, without substantial unplanned disposition of assets outside the ordinary course of business, restructuring of debt, externally forced revisions of its operations or other similar actions.

g.   "GAAP"

Generally accepted accounting principles in the United States of America as in effect from time to time as set forth in the opinions and pronouncements of the Accounting Principles Board and the American Institute of Certified Public Accountants and the statements and pronouncements of the Financial Accounting Standards Board which are applicable to the circumstances as of the date of determination.

2.   For purposes of this Certificate, I, or officers of the Member under my direction and supervision, have performed the following procedures as of and for the periods set forth below.

a.   I have reviewed all books and financial records of the Member, including, but not limited to, the financial statements and balance sheets for the fiscal year and fiscal quarter of the Member most recently ended prior to the date of this Solvency Certificate.

b.   I have made inquiries of certain officials of the Member who have responsibility for financial and accounting matters regarding the existence and amount of Identified Contingent Liabilities associated with the business of the Member.

c.   I have made inquiries of certain officers of the Member who have responsibility for financial reporting and accounting matters regarding whether they were aware of

Exhibit A-2

any events or conditions that, as of the date hereof, would cause the Member taken as a whole after giving effect to the additional capital contribution to the LLC by the Member, to (i) have assets with a Fair Market Value that are less than Stated Liabilities and Identified Contingent Liabilities; (ii) have assets with a Present Fair Salable Value that are less than Stated Liabilities and Identified Contingent Liabilities; (iii) have Unreasonably Small Capital; or (iv) not be able to pay their respective Stated Liabilities and Identified Contingent Liabilities as they mature or otherwise become payable.

3. Based on and subject to the foregoing, I certify on behalf of the Member, after giving effect to the additional capital contribution to the LLC by the Member, it is my opinion that (i) the Fair Market Value of the assets of the Member taken as a whole exceed the Stated Liabilities and Identified Contingent Liabilities; (ii) the Present Fair Salable Value of the assets of the Member taken as a whole exceed the Stated Liabilities and Identified Contingent Liabilities; (iii) the Member taken as a whole will not have Unreasonably Small Capital; (iv) the Member taken as a whole will be able to pay its respective Stated Liabilities and Identified Contingent Liabilities as they mature OF otherwise become payable; and (v) the Member has no outstanding debt to the Issuer as of the date hereof.

IN WITNESS WHEREOF, I have hereto set my hand this ____ day of [_____], [_____].

[INSERT NAME OF CONTRIBUTING MEMBER OF ISLEY BROTHERS, L.L.C.]

Exhibit A-3

FILED
6/13/2024 12:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023P007723
Calendar, 25
28103808

FILED DATE: 6/13/2024 12:28 PM   2023P007723

## SETTLEMENT AGREEMENT

This agreement is made as of December 31, 2012 between Isley Brothers LLC and Rudolph Isley, c/o Shukat Arrow Hafer Weber & Herbsman LLP, 111 West 57th Street, Suite 1120, New York, NY 10019, att: Peter Shukat, Esq. (individually and collectively, "Rudolph"), on the one hand, and Ronald Isley, c/o Polsinelli Shughart, 100 S. Fourth Street, Suite 10000, St. Louis, Missouri 63102, att: Craig Smith, Esq. ("Ron"), on the other hand.

WHEREAS, ASCAP, Manufacturers & Traders Trust Company, Sony Music Entertainment, as well as other third parties (individually and collectively, the "Payors") each have collected and continue to collect certain monies derived from the exploitation of intellectual property assets created by Ron and Rudolph (excluding Rudolph's ASCAP writer's account) (collectively, "Royalties"). A current list of all known account balances as of the date of this agreement is annexed hereto as Exhibit "A" and made a part hereof; and

WHEREAS, pursuant to the letters of direction annexed hereto as Exhibit "B" and made a part hereof, Rudolph has forwarded certain of the Payors letters requesting that Payors make payment of the Royalties to Isley Brothers LLC ("LLC"); and

WHEREAS, pursuant to the letters annexed hereto as Exhibit "C" and made a part hereof, Ron has requested that the Payors contacted by Rudolph hold Ron's share of Royalties in lieu of paying Ron's share of Royalties to the LLC; and

WHEREAS, the parties hereto mutually desire to resolve the differences between themselves concerning the disbursement of the Royalties;

NOW, THEREFORE, in consideration of the foregoing and of the respective promises and releases herein contained, the parties hereto agree as follows:

1.   (a)   With respect to all Royalties currently being held by the Payors ("Withheld Money"), the parties hereby agree to direct each of the relevant Payors to pay five percent (5%) of Withheld Money to the Estate of Marvin Isley, forty seven and one half percent (47.5%) of Withheld Money to Ron, and forty seven and one half percent (47.5%) of Withheld Money to Rudolph, as set forth in the letters of direction annexed hereto as Exhibit "D", and made a part hereof.

(b)   Notwithstanding the foregoing, Rudolph hereby consents to Sony making payment to the Internal Revenue Service in order to satisfy the levy on Ron's Sony account ("Levy"). As of October 10, 2012, the total amount of the Levy is $516,788. As a condition precedent to Rudolph's consent, the amount of Withheld Money from each source must be adjusted so that Rudolph and the Estate of Marvin Isley each receive that sum of money which they would otherwise receive from Sony if they were not required to pay the IRS.

2.   With respect to all Royalties received following the date hereof ("Future Royalties"):

(a)   the parties hereby agree to direct all of the relevant Payors to pay five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) of Future Royalties to Rudolph and twenty two and one half percent (22.5%) of Future Royalties to Ron,

1



FILED DATE: 6/19/2024 4:28 PM   2023P007723

as set forth in the Exhibit "D" letters of direction, until such time as one third (⅓) of the Future Royalties paid to Rudolph equals Two Million ($2,000,000) Dollars (the "Threshold").

(b)     At such time as Rudolph's share of the Future Royalties equals the Threshold:

(i)     Rudolph shall direct all of the relevant Payors to pay, on a prospective basis, five percent (5%) of Future Royalties to the Estate of Marvin Isley, forty seven and one half percent (47.5%) of the Future Royalties to Rudolph and forty seven and one half percent (47.5%) of the Future Royalties to Ron, as set forth in the letters of direction annexed hereto as Exhibit "E", and made a part hereof.

(ii)     Solely in connection with Ronald's ASCAP writer account, Rudolph shall direct ASCAP to pay, on a prospective basis, five percent (5%) of Future Royalties to the Estate of Marvin Isley, and ninety five percent (95%) of the Future Royalties to Ron, as set forth in the letter of direction annexed hereto as Exhibit "E-2", and made a part hereof.

(c) Until such time as Rudolph's share of the Future Royalties equals the Threshold, the Exhibit "E" letters of direction shall be held in escrow by Craig Smith. At such time as Rudolph's share of the Future Royalties equals the Threshold, Craig Smith is hereby authorized to, and shall, deliver each letter of direction to its proper recipient. In the event that delivery of any Exhibit "E" letters of direction is delayed or prevented as a result of Rudolph's acts or omissions, Rudolph shall be responsible and shall promptly pay all costs (including attorneys fees) incurred by Ron in connection with the delivery of such letters of direction.

3.     As a condition precedent for Rudolph entering into this agreement, Ron hereby agrees to forbear from contacting any Payor in order to have Royalties held or redirected (except with respect a bona fide change of address for Ron), or to alter the split of Royalties payable to each party as set forth hereinabove. In the event that Ron breaches the aforementioned covenant, Ron hereby appoints Rudolph as his attorney-in-fact to sign letters of direction reinstating the payment splits set forth hereinabove in Ron's name and to make appropriate disposition of such documents. Such power of attorney is irrevocable and is coupled with an interest. Furthermore, Ron shall be responsible and shall promptly pay all costs (including attorneys fees) incurred by Rudolph in connection with the enforcement of Ron's covenants in this paragraph 3.

4.     (a)     Except as set forth in paragraph 2(c) and 3 hereinabove, each party shall be responsible for its own attorney's fees.

(b)     Each party shall be responsible for all tax liabilities incurred in connection with those monies actually paid or credited to the relevant party, regardless of which party earned the money.

5.     Each party agrees to cooperation in good faith in connection with a future assignment and payment of Future Royalties to Ernie Isley.

2

FILED DATE: 6/13/2024 4:28 PM   2023P007723

6.     This agreement, including any exhibits attached hereto, sets forth the entire agreement between the parties on this subject matter and supersedes all prior negotiations, understandings and agreements between the parties concerning this subject matter.   No amendment or modification of this agreement shall be made except by a writing signed by all signatory parties.

7.     The validity, interpretation, performance and enforcement of this Agreement shall be governed by the laws of the State of New York and each party irrevocably submits to sole and exclusive jurisdiction and venue in the courts of New York, New York (State and Federal).

8.     This agreement shall inure to the benefit of and be binding upon the successors in title and assigns of each of the parties hereto.  The death of Ronald and/or Rudolph shall not relieve the other parties of their obligations under this agreement.

9.     This agreement may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the agreement.

IN WITNESS WHEREOF, the parties hereto have executed this foregoing agreement as of the day and year first above written.

AGREED AND ACCEPTED:

ISLEY BROTHERS, LLC

By: _____
Rudolph Isley, An Authorized signer

_____
Rudolph Isley

_____
Ronald Isley

_____
Craig Smith, as escrow agent for
M&T Bank Class C Escrow Account

3

FILED DATE: 6/13/2024 4:28 PM   2023P007723

<u>Exhibit "A"</u>

<u>Account Balances</u>

M&T Bank Class C Escrow Account
Account #: █████
Balance: $53,793.62 (as of 11/28/12)

M&T Bank Isley Brothers LLC, Collection Account
Account #: █████
Balance: $296,847.17 (as of 11/28/12)

Sony Music Isley Account:
Balance: $366,566.61 — T. JRS

Ronald Isley's ASCAP Writer Account
Balance: $626,581.78

Ronnie Runs ASCAP Publisher Account
Balance (solely for those compositions covered by this agreement): $21,315.91

A Page 1

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Exhibit "B"

Isley Brothers LLC 2011 Letters of Direction

FILED DATE: 6/19/2024 12:28 PM   2023P007723

# SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINGERONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245 4580
TELECOPIER (212) 956 6471
——
*ALSO MEMBER CALIFORNIA BAR
† OF COUNSEL
——
WRITER'S E-MAIL
peter@musiclaw.com

September 19, 2011

Michael Bolton, individually
c/o K&L Gates LLP -- Attn: Carol A Genis, Esq
70 West Madison Street
3100
Chicago, IL 60602-4207

Re:   **Isley Brothers LLC**

Dear Ms. Genis:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 21, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would have your client, Mr. Michael Bolton, countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:   Mr. Rudolph Isley
      Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 4:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Michael Bolton, individually
c/o K&L Gates LLP – Attn: Carol A. Genis, Esq.
70 West Madison Street
3100
Chicago, IL 60602-4207

Re:     *Letter of Direction*

Dear Mr. Bolton:

Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY 10591

Beno: Isley Brothers LLC
Acct. ███████████

Routing #███████████
Swift code# ███████████ (if foreign)



FILED DATE: 6/13/2024 4:28 PM   2023P007723

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: Michael Bolton, Individually
Name:
Title:

FILED DATE: 6/13/2024 4:28 PM    2023P007723

June 21, 2000

Michael Bolton, individually
c/o Robert G. Sugarman, Esq.
Weil, Goshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
and
c/o Wayne Terry, Esq.
Mitchell, Silberberg & Knupp
11337 West Olympic Boulevard
Los Angeles, California 90064

Re: Letter of Direction: Distributions

Ladies and Gentlemen:

Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love Is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements

NY_DOC[543513][w9]    EXHIBIT A

FILED DATE: 6/13/2024 2:28 PM    2023P007723

of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

> Manufacturers and Traders Trust Company, as Trustee for
> the Noteholders under the Indenture dated June 21,
> 2000
> MFRS BUF/TRUST
> ABA #█████████
> Trust Department/CC #█████
> For Credit to A/C #█████████
> Account Name:    Isley Brothers Escrow Fund - Escrow Account of Manufacturers
>                  and Traders Trust Company, as escrow agent on behalf of
>                  Manufacturers and Traders Trust Company, as trustee for
>                  the benefit of holders of Royalty-Backed Pay-Through
>                  Notes
> Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

> Manufacturers and Traders Trust Company
> Corporate Trust - 7th Floor
> One M & T Plaza
> Buffalo, NY 14203-2399
> Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned may be entitled under the Bolton Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or instructions, directing payment of royalties, income or other payments pursuant to, in connection with or in respect of the Bolton Judgment or the above-referenced compositions and/or master sound recordings to any of the undersigned or any person or entity related to or affiliated with any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is not intended to amend or alter any existing arrangement currently in effect for the payment of revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one and the same instrument.

NY_DOCS\456133 [W9]

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Very Truly Yours,

RONALD ISLBY,
In his Individual capacity

RUDOLPH ISLBY,
In his Individual capacity

BOVINA, INC.

By:
Name: Ronald Isley
Title:

THREE BOYS MUSIC
CORPORATION

By:
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

By:
Name: Ronald Isley
Title:

ESTATE OF O'KELLY ISLEY,

By:
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

By:
Name: Ronald Isley
Title:

ESTATE OF SALLYE ISLEY,

By:
Name: Ronald Isley
Title:

NY_DOCSM31155

FILED DATE: 6/13/2024 4:28 PM   2023P007723

On the 17th day of June in the year 2000, before me personally came RUDOLPH ISLBY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sellye Isley, and acknowledged that he executed the same.

_____
Notary Public

My Commission Expires:

_____

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Accepted and Acknowledged,

MICHAEL BOLTON, individually

By: _____
Name:
Title:

NY_DOCS/5/51131 [W7]



FILED DATE: 6/19/2024 12:28 PM   2023P007723

**SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.**
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J JEFFREY HAFER
DOROTHY M WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
MICHAEL D. FRISCH
ELLIOT A RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL

peter@musiclaw.com

September 19, 2011

Mr. Bolton's Music, Inc.
c/o K&L Gates LLP – Attn: Carol A. Genis, Esq.
70 West Madison Street
Suite 3100
Chicago, IL  60602-4207

Re:   Isley Brothers LLC

Dear Ms. Genis:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 21, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would have your client, Mr. Michael Bolton, countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:   Mr. Rudolph Isley
      Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 4:28 PM    2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Mr. Bolton's Music, Inc.
c/o K&L Gates LLP·Attn: Carol A. Genis, Esq.
70 West Madison Street
Suite 3100
Chicago, Il 60602-4207

     Re:   *Letter of Direction*

Dear Mr. Bolton:

     Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

     Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

     M&T Bank
     303 S. Broadway, Ste. 130
     Tarrytown, NY  10591

     Bene:  Isley Brothers LLC
     Acct. ▇▇▇▇▇▇

     Routing # ▇▇▇▇▇▇
     Swift code/ ▇▇▇▇▇▇ (foreign)



FILED DATE: 6/19/2024 2:28 PM   2023P007723

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: Mr. Bolton's Music, Inc.
Name: Michael Bolton
Title:

FILED DATE: 6/13/2024 4:28 PM   2023P007723

June 21, 2000

Mr. Bolton's Music, Inc.
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re: Letter of Direction: Distributions

Ladies and Gentlemen:

Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\367134[N01]          EXHIBIT A



FILED DATE: 6/3/2024 2:28 PM   2023P007723

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000
MFRS BUF/TRUST
ABA ██████
Trust Department/CC █████
For Credit to A/C # ████████
Account Name:    Isley Brothers Escrow Fund - Escrow Account of Manufacturers
and Traders Trust Company, as escrow agent on behalf of
Manufactures and Traders Trust Company, as trustee for
the benefit of holders of Royalty-Backed Pay-Through
Notes

Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the Bolton
Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments pursuant to, in connection
with or in respect of the Bolton Judgment or the above-referenced compositions and/or master
sound recordings to any of the undersigned or any person or entity related to or affiliated with
any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is
not intended to amend or alter any existing arrangement currently in effect for the payment of
revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or
affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS\456356 [\49]



FILED DATE: 6/13/2024 12:28 PM   2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

RUDOLPH ISLEY,
in his individual capacity

BOVINA, INC.

THREE BOYS MUSIC
CORPORATION

By
Name: Ronald Isley
Title:

By
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

ESTATE OF O'KELLY ISLEY,

By
Name: Ronald Isley
Title:

By
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

ESTATE OF SALLYE ISLEY,

By
Name: Ronald Isley
Title:

By
Name: Ronald Isley
Title:

On the 30 day of June in the year 2000, before me personally came RONALD ISLEY and RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Notary Public

ELAINE NICHOLS
NOTARY PUBLIC - STATE OF NEW YORK
NY KINGS COUNTY
MY COMMISSION EXPIRES OCT. 8, 2000

NY_DOCS#450354

On the __17th__ day of June in the year 2000, before me personally came RUDOLPH ISLBY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that he executed the same.

_____
Notary Public

My Commission Expires:

_____

LYNETTE M. LIEBERT
Notary Public, State of New York
No. 4674927
Qualified in Rockland County
Commission Expires Jan. 26, ____

Accepted and Acknowledged,

MR. BOLTON'S MUSIC, INC.,

By: _____
Name:
Title:

FILED DATE: 6/19/2024 2:28 PM   2023P007723

## SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
### ATTORNEYS AT LAW
### 111 WEST 57TH STREET
### NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
MICHAEL O. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL

peter@musiclaw.com

September 19, 2011

Warner/Chapell Music
75 Rockefeller Plaza 8th Fl.
New York, NY 10019
Attn: Mr. Brian Roberts

Re:     Isley Brothers LLC

Dear Mr. Roberts:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 21, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:     Mr. Rudolph Isley
        Vijay Chandran

Encl.
PSS:ssm

FILED DATE: 6/13/2024 2:28 PM    2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57ᵗʰ Street, Suite 1120
New York, NY 10019

September 2, 2011

Warner/Chapell Music
75 Rockefeller Plaza 8ᵗʰ Fl.
New York, NY 10019
Attn: Mr. Brian Roberts

    *Re:   Letter of Direction*

Dear Mr. Roberts:

    Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

    Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

    M&T Bank
    303 S. Broadway, Ste. 130
    Tarrytown, NY 10591

    Bene: Isley Brothers LLC
    Acct. # █████████

    Routing # █████████
    Swift code# █████████ (if foreign)

    Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the

FILED DATE: 6/13/2024 4:28 PM 2023P007723

undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowski

Accepted and Acknowledged

By: Warner/Chappell Music
Name: Brian Roberts
Title:

FILED DATE: 6/13/2024 12:28 PM   2023P007723

June 21, 2000

Warner-Chappel Music Limited
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re: <u>Letter of Direction: Distributions</u>

Ladies and Gentlemen:

    Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpareil Music, Inc., Warner-Chappel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love Is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), EMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an Indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\458759 [W97]     EXHIBIT A

FILED DATE: 6/13/2024 2:28 PM   2023P007723

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000
MFRS BUF/TRUST
ABA ▮▮▮▮▮▮▮▮▮
Trust Department/CC ▮
For Credit to A/C # ▮▮▮▮▮
Account Name:        Isley Brothers Escrow Fund - Escrow Account of Manufacturers
                     and Traders Trust Company, as escrow agent on behalf of
                     Manufacturers and Traders Trust Company, as trustee for
                     the benefit of holders of Royalty-Backed Pay-Through
                     Notes
Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the Bolton
Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments pursuant to, in connection
with or in respect of the Bolton Judgment or the above-referenced compositions and/or master
sound recordings to any of the undersigned or any person or entity related to or affiliated with
any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is
not intended to amend or alter any existing arrangement currently in effect for the payment of
revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or
affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS/453758 (WH)

FILED DATE: 6/13/2024 2:28 PM    2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

RUDOLPH ISLEY,
in his individual capacity

BOVINA, INC.

By
Name: Ronald Isley
Title:

THREE BOYS MUSIC
CORPORATION

By
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

By
Name: Ronald Isley
Title:

ESTATE OF O'KELLY ISLEY,

By
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

By
Name: Ronald Isley
Title:

ESTATE OF SALLYE ISLEY,

By
Name: Ronald Isley
Title:

On the 3D day of June in the year 2000, before me personally came RONALD ISLEY and RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Notary Public

ELY NICHOLS
NOTARY SEAL
ST. LOUIS COUNTY
MY COMMISSION EXPIRES OCT. 8, 2003

NY_DOCS#356739

On the _17th_ day of June in the year 2000, before me personally came RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that he executed the same.

_____
Notary Public

My Commission Expires:

LYNETTE M. LIEBERT
Notary Public, State of New York
No. 4874927
Qualified in Rockland County
Commission Expires Jan. 26, 20____

_____

Accepted and Acknowledged,

WARNER-CHAPPEL MUSIC LIMITED,

By: _____
    Name:
    Title:

NY_DOCS\454319[W97]

FILED DATE: 6/13/2024 2:28 PM   2023P007723

## SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
—
*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL
—
WRITER'S E-MAIL

peter@msitklaw.com

September 19, 2011

American Society of Composers Authors and Publishers
One Lincoln Plaza
New York, NY 10022
Attn: Ms. Paula Perry

Re: Isley Brothers LLC

Dear Ms. Perry:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 6, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter B. Shukat, Esq.

cc: Mr. Rudolph Isley
Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 4:28 PM    2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

American Society of Composers Authors and Publishers
One Lincoln Plaza
New York, NY 10022
Attn: Paula Perry

    Re:   Letter of Direction

Dear Ms. Perry:

    Reference is made to the letter of direction dated June 6, 2000, a copy of which is attached hereto as Exhibit A (the "LOD").

    This letter, when signed on behalf of Isley Brothers, LLC and consented to by Manufacturers and Traders Trust Company as Trustee will constitute instructions that from and after the date hereof, all payments to be paid pursuant to the LOD shall now be made to Isley Brothers LLC as follows:

    M&T Bank
    303 S. Broadway, Ste. 130
    Tarrytown, NY  10591

    Bene:  Isley Brothers LLC
    Acct. # ███████

    Routing #
    Swift code ███████ (if foreign)

    Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

    From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

    This letter supersedes the LOD.



This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Consented to on this ⟨5th⟩ day of September, 2001

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: American Society of Composers Authors and Publishers
Name: Paula Perry
Title:

FILED DATE: 6/13/2024 4:28 PM    2023P007723

FILED DATE: 6/13/2024 12:28 PM    2023P007723

**DIRECTION LETTER TO ASCAP**

June 6, 2000

Ms. Paula Perry
ASCAP
One Lincoln Plaza
New York, New York 10022

Re: Letter of Direction: Distributions

Dear Ms. Perry:

Reference is made to those certain agreements between you and one or more of the undersigned relating to the administration and payment of royalties in connection with certain music compositions written in whole or part by Ronald Isley, Rudolph Isley and/or O'Kelly Isley (collectively, the "Isley Brothers") and any and all other agreements and understandings pursuant to which you administer compositions written in whole or part by one or more of the Isley Brothers and/or copyrights or royalties related thereto (collectively, the "Agreements"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina, Triple Three, Three Boys, the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Agreements and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an Indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\446356.4 (W97)    EXHIBIT A



FILED DATE: 6/13/2024 2:28 PM   2023P007723

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000

MFRS BUP/TRUST
ABA #▮▮▮
Trust Department/CC #▮▮▮
For Credit to A/C #
Account Name:       Collection Account of Manufacturers and Traders Trust Company,
                    as trustee for the benefit of holders of Royalty-Backed Pay-
                    Through Notes
Attn: Judy LiPuma  (716) 842-5994.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Judy LiPuma

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the
Agreements or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments in respect of the above-
referenced compositions to any of the undersigned or any person or entity related to or affiliated
with any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper).  The
foregoing is not intended to amend or alter any existing arrangement currently in effect for the
payment of revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not
related to or affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS/406564{WP}



FILED DATE: 6/13/2024 2:28 PM   2023P007723

Very Truly Yours,

RUDOLPH ISLBY,
in his individual capacity

BOVINA, INC.

By
Name: Rudolph Isley
Title: V. Pres.

T-NECK RECORDS, INC.,

By
Name: Rudolph Isley
Title: V. Pres.

TRIPLE THREE MUSIC, INC.

By
Name: Rudolph Isley
Title: V. Pres.

THREE BOYS MUSIC
CORPORATION

By
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF O'KELLY ISLBY,

By
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF SALLYE ISLBY,

By
Name: Rudolph Isley
Title: V. Pres.

On the 15th day of June in the year 2000, before me personally came RUDOLPH ISLBY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA5083509
Qualified in Queens County
Commission Expires 8/11/01

NY_DOCS\440451\W97

FILED DATE: 6/13/2024 12:28 PM   2023P007723

**SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.**
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER R. SHUKAT
J. JEFFREY HAFER
DOROTHY H. WEBER
JONAS E. HERBSMAN

JASON A. FIRESTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. BURNS

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL:

peter@musiclaw.com

September 19, 2011

EMI Music Publishing, Inc.
75 9th Avenue, 4th Fl.
New York, NY 10011
Attn: Bruce Scavuzzo, Esq.

Re:   Isley Brothers LLC

Dear Mr. Scavuzzo:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 6, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:   Mr. Rudolph Isley
      Vijay Chandran

Encl.
PSS:esm

FILED DATE: 6/13/2024 12:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

EMI Music Publishing, Inc.
75 9th Avenue, 4th Fl.
New York, NY 10011
Attn: Bruce Scavuzzo, Esq.

Re:    Letter of Direction

Dear Mr. Scavuzzo:

Reference is made to the letter of direction dated June 6, 2000, a copy of which is attached hereto as Exhibit A (the "LOD").

This letter, when signed on behalf of Isley Brothers, LLC and consented to by Manufacturers and Traders Trust Company as Trustee will constitute instructions that from and after the date hereof, all payments to be paid pursuant to the LOD shall now be made to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY  10591

Bene:  Isley Brothers LLC
Acct. # ▊▊▊▊▊▊▊

Routing # ▊▊▊▊▊▊▊▊▊▊
Swift code: ▊▊▊▊▊▊▊▊ (if foreign)

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.



This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Consented to on this ____ day of September, 2001

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: EMI Music Publishing, Inc.
Name: Bruce Scavuzzo, Esq.
Title:

FILED DATE: 6/19/2024 2:28 PM   2023P007723

LETTER OF DIRECTION TO BMI

June 6, 2000

EMI Music Publishing, Inc.
1290 Avenue of the Americas
New York, New York 10104

Re: Letter of Direction: Distributions

Ladies and Gentlemen:

Reference is made to (i) that certain agreement dated January 1, 1980 between April Music, Inc. (predecessor to BMI April Music, Inc. ("BMI")), and Bovina Music, Inc. ("Bovina"), as amended, and as modified pursuant to that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina, Triple Three Music, Inc. ("Triple Three"), Three Boys Music Corporation ("Three Boys"), the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), (ii) the applicable agreements referencing compositions formerly published by Windswept Pacific Entertainment Co. d/b/a Full Keel Music Co., and/or Windswept Pacific Music, Inc. and now published by BMI and assented to by one or more of the undersigned (the undersigned, collectively, the "Entities") in each case relating to the administration and payment of royalties in connection with certain music compositions written in whole or part by one or more of the Entities, and (iii) any and all other agreements and understandings pursuant to which you administer compositions written in whole or part by one or more of the Entities and/or copyrights or royalties related thereto (the agreements and understandings described in clauses (i), (ii) and (iii) above, collectively, the "Agreements"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina, T-Neck Records, Inc., Three Boys, Triple Three, Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and the Settlement Agreement and Order, each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Agreements and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\40643 4 [W97]          EXHIBIT A

FILED DATE: 6/13/2024 12:28 PM    2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

_Ronald Isley_

BOVINA, INC.

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

THREE BOYS MUSIC
CORPORATION

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

T-NECK RECORDS, INC.,

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

ESTATE OF O'KELLY ISLEY,

By _Ronald Isley_
Name: Ronald Isley
Title: pers. rep.

TRIPLE THREE MUSIC, INC.

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

ESTATE OF SALLYE ISLEY,

By _Ronald Isley_
Name: Ronald Isley
Title: Pers'nd rep.

On the _15th_ day of June in the year 2000, before me personally came RONALD ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

_Paule Y. Faustin_
Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA6061509
Qualified in Queens County
Commission Expires 8/11/01

NY_DOCS\44883 [W93]

Very Truly Yours,

RUDOLPH ISLEY,
in his individual capacity

_(signature)_

BOVINA, INC.

By _(signature)_
Name: Rudolph Isley
Title: V. Pres.

T-NECK RECORDS, INC.

By _(signature)_
Name: Rudolph Isley
Title: V. Pres.

TRIPLE THREE MUSIC, INC.

By _(signature)_
Name: Rudolph Isley
Title: V. Pres.

THREE BOYS MUSIC
CORPORATION

By _(signature)_
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF O'KELLY ISLEY,

By _(signature)_
Name: Rudolph Isley
Title: Executor

ESTATE OF SALLYE ISLEY,

By _(signature)_
Name: Rudolph Isley
Title: Pers. Rap.

On the 15th day of June in the year 2000, before me personally came RUDOLPH ISLEY to me
known to be the person described in and who executed the foregoing individually and on behalf
of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate
of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

_(signature)_
( Notary Public

PAULE V. FAUSTIN
Notary Public, State of New York
No. 01FA5083500
Qualfied in Queens County
Commission Expires 8/11/01

NY_DOCS\4\0443 [W97]

FILED DATE: 6/19/2024 12:48 PM    2023P007723

**SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.**
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERDSMAN
———
JASON A. FINESTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH
———
JUDITH A. MEYERS*

TELEPHONE (212) 545-1300
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL

peter@musiclaw.com

September 19, 2011

Broadcast Music Inc.
Attn: Mr. Gary Roth
Vice President Legal/Business Affairs
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0030

Re:    Isley Brothers LLC

Dear Mr. Roth:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 6, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:    Mr. Rudolph Isley
       Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 12:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Broadcast Music Inc.
Vice President Legal/Business Affairs
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0030
Attn: Mr. Gary Roth

Re:    Letter of Direction

Dear Mr. Roth:

Reference is made to the letter of direction dated June 6, 2000, a copy of which is attached hereto as Exhibit A (the "LOD").

This letter, when signed on behalf of Isley Brothers, LLC and consented to by Manufacturers and Traders Trust Company as Trustee will constitute instructions that from and after the date hereof, all payments to be paid pursuant to the LOD shall now be made to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY   10591

Bene:  Isley Brothers LLC
Acct. # ████████████

Routing # ████████
Swift code ████████ (if foreign)

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.



FILED DATE: 6/13/2024 2:28 PM    2023P007723

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Consented to on this _13th_ day of September, 2001

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: Broadcast Music Inc.
Name: Gary Roth
Title: Vice President Legal/Business Affairs

FILED DATE: 6/13/2024 12:28 PM    2023P007723

LETTER OF DIRECTION TO BMI

June 21, 2000

Mr. Gary Roth
BMI
Vice President Legal/Business Affairs
320 West 57th Street
New York, NY 10019-3790

Re:  Letter of Direction; Distributions

Dear Mr. Roth:

Reference is made to those certain agreements between you and one or more of the
undersigned relating to the administration and payment of royalties in connection with certain
music compositions written in whole or part by Ronald Isley, Rudolph Isley and/or O'Kelly Isley
(collectively, the "Isley Brothers") and any and all other agreements and understandings pursuant
to which you administer compositions written in whole or part by one or more of the Isley
Brothers and/or copyrights or royalties related thereto (collectively, the "Agreements").  This is
to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald
Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation,
Triple Three,  Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June
21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000,
entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina,
Triple Three, Three Boys, the estate of O'Kelly Isley, the estate of Sallye Isley, Howard
Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"),
BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and
Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his
or its right, title or interest in and to all royalties, income and other payments in respect of the
Agreements and the above-referenced compositions and/or master sound recordings; and (ii)
pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and
Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in
such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee
for the benefit of such noteholders all of the foregoing rights, title and interests in and to such
royalties, income and other payments.  Each of the undersigned hereby irrevocably authorizes
and directs you to pay to the following account as and when due all monies that are payable by
you to the undersigned from and after the date hereof, regardless of when earned, subject to the
requirements of any garnishment, attachment or other legal process to which your payment of the
foregoing is encumbered or subject:

NY_DOCS\00881.3\[W9]]    EXHIBIT A

FILED DATE: 6/19/2024 4:28 PM   2023P007723

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000

MFRS BUF/TRUST
ABA █████
Trust Department/CC # █████
For Credit to A/C #
Account Name:          Collection Account of Manufacturers and Traders Trust Company,
                       as trustee for the benefit of holders of Royalty-Backed Pay-
                       Through Notes
Attn: Judy LiPuma  (716) 842-5994.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Judy LiPuma

        Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the
Agreements or otherwise to the Trustee at the above address.

        From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

        This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments in respect of the above-
referenced compositions to any of the undersigned or any person or entity related to or affiliated
with any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper).  The
foregoing is not intended to amend or alter any existing arrangement currently in effect for the
payment of revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not
related to or affiliated with any of the undersigned.

        This Letter shall be governed by the laws of the State of New York.
This Letter may be executed in counterparts, which taken together shall constitute but one and
the same instrument.

NY_DOCS\604461.3 [N97]

FILED DATE: 6/13/2024 2:28 PM 2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

_Ronald Isley_

BOVINA, INC.

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

THREE BOYS MUSIC
CORPORATION

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

T-NECK RECORDS, INC.,

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

ESTATE OF O'KELLY ISLEY,

By _Ronald Isley_
Name: Ronald Isley
Title: Executor

TRIPLE THREE MUSIC, INC.

By _Ronald Isley_
Name: Ronald Isley
Title: Pres.

ESTATE OF SALLYE ISLEY,

By _Ronald Isley_
Name: Ronald Isley
Title: Pers. Rep.

On the 15th day of June in the year 2000, before me personally came RONALD ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

_Paule G. Faustin_
Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA5083600
Qualified in Queens County
Commission Expires 6/11/0?

NY_DOCS\460161.1 [W97]



Accepted and Acknowledged,

BMI

By: _____
    Name:
    Title:



FILED DATE: 6/3/2024 4:28 PM   2023P007723

## SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
MICHAEL O. FRISCH
ELLIOT A. RESNIK
KENNY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
——
*ALSO MEMBER CALIFORNIA BAR
† OF COUNSEL
——
WRITER'S E-MAIL

peter@musiclaw.com

September 19, 2011

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie O. Swidler, Esq.

Re:   Isley Brothers LLC

Dear Ms. Swidler:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 21, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:   Mr. Rudolph Isley
      Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 12:28 PM    2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:    *Letter of Direction*

Dear Ms. Swidler:

Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY  10591

Bene:  Isley Brothers LLC
Acct. ▓▓▓▓▓▓▓

Routing #▓▓▓▓▓▓▓
Swift code▓▓▓▓▓▓▓ (if foreign)



FILED DATE: 6/13/2024 12:28 PM   2023P007723

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: Sony Music Entertainment
Name:   Ms. Julie G. Swidler, Esq.
Title:



FILED DATE: 6/13/2024 4:28 PM    2023P007723

June 21, 2000

Sony Music Entertainment
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:  Letter of Direction; Distributions

Ladies and Gentlemen:

Reference is made to that certain approximately 56 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment").  This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelzi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOC51/56763 [W97]         EXHIBIT A



FILED DATE: 6/13/2024 4:28 PM    2023P007723

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000
MPRS BUF/TRUST
ABA # ███████
Trust Department/CC # ███████
For Credit to A/C # ███████
Account Name:       Isley Brothers Escrow Fund – Escrow Account of Manufacturers
                    and Traders Trust Company, as escrow agent on behalf of
                    Manufacturers and Traders Trust Company, as trustee for
                    the benefit of holders of Royalty-Backed Pay-Through
                    Notes
Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the Bolton
Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments pursuant to, in connection
with or in respect of the Bolton Judgment or the above-referenced compositions and/or master
sound recordings to any of the undersigned or any person or entity related to or affiliated with
any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is
not intended to amend or alter any existing arrangement currently in effect for the payment of
revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or
affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOC\436763 [W97]



Very Truly Yours,

RONALD ISLEY,
in his individual capacity

RUDOLPH ISLEY,
in his individual capacity

BOVINA, INC.

By _____
Name: Ronald Isley
Title:

THREE BOYS MUSIC
CORPORATION

By _____
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

By _____
Name: Ronald Isley
Title:

ESTATE OF O'KELLY ISLEY,

By _____
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

By _____
Name: Ronald Isley
Title:

ESTATE OF SALLYE ISLEY,

By _____
Name: Ronald Isley
Title:

On the 30 day of June in the year 2000, before me personally came RONALD ISLEY and ~~RUDOLPH ISLEY~~ to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

_____
Notary Public

ELAINE NICHOLS
NOTARY PUBLIC, State of New York
ST. LOUIS COUNTY
MY COMMISSION EXPIRES OCT. 8, 20XX

NY_IXK345763

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Accepted and Acknowledged,

SONY MUSIC ENTERTAINMENT,

By: _____
Name:
Title:

NY_DOCS\383683\W03\



FILED DATE: 6/13/2024 4:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:     *Letter of Direction*

Dear Ms. Swilder:

Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY  10591

Bene:  Isley Brothers LLC
Acct. #█████████

Routing #█████████
Swift code#█████████ (if foreign)



FILED DATE: 6/13/2024 2:28 PM   2023P007723

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

By: Sony Music Entertainment
Name:   Ms. Julie G. Swidler, Esq.
Title:



FILED DATE: 6/13/2024 2:28 PM  2023P007723

June 21, 2000

Sony Music Entertainment
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re: Letter of Direction; Distributions

Ladies and Gentlemen:

Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelai Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an Indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\456763 [W97]        EXHIBIT A

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000
MFRS BUF/TRUST
ABA ████████
Trust Department/CC ████████
For Credit to A/C # ████████
Account Name:  Isley Brothers Escrow Fund - Escrow Account of Manufacturers
and Traders Trust Company, as escrow agent on behalf of
Manufacturers and Traders Trust Company, as trustee for
the benefit of holders of Royalty-Backed Pay-Through
Notes
Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the Bolton
Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments pursuant to, in connection
with or in respect of the Bolton Judgment or the above-referenced compositions and/or master
sound recordings to any of the undersigned or any person or entity related to or affiliated with
any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is
not intended to amend or alter any existing arrangement currently in effect for the payment of
revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or
affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS\456763 (W97)

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

RUDOLPH ISLEY,
in his individual capacity

BOVINA, INC.

By
Name: Ronald Isley
Title:

THREE BOYS MUSIC
CORPORATION

By
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

By
Name: Ronald Isley
Title:

ESTATE OF O'KELLY ISLEY,

By
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

By
Name: Ronald Isley
Title:

ESTATE OF SALLYE ISLEY,

By
Name: Ronald Isley
Title:

On the 30 day of June in the year 2000, before me personally came RONALD ISLEY and RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Elaine Nichols
Notary Public

ELAINE NICHOLS
NOTARY PUBLIC - STATE OF MISSOURI
ST. LOUIS COUNTY
MY COMMISSION EXPIRES OCT. 8, 2003

NY_DXICSM56703

Accepted and Acknowledged,

SONY MUSIC ENTERTAINMENT,

By: _____
  Name:
  Title:

NY_DOCS\156763 [W97]

FILED DATE: 6/13/2024 2:28 PM   2023P007723

## SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
### ATTORNEYS AT LAW
### 111 WEST 57TH STREET
### NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M WEBER
JONAS E. HERBSMAN

JASON A. FIRESTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL

peter@musiklaw.com

September 19, 2011

Sony Music Entertainment, Inc.
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:     Isley Brothers LLC

Dear Ms. Swidler:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 6, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:     Mr. Rudolph Isley
        Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 4:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Sony Music Entertainment, Inc.
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:    Letter of Direction

Dear Ms. Swidler:

Reference is made to the letter of direction dated June 6, 2000, a copy of which is attached hereto as Exhibit A (the "LOD").

This letter, when signed on behalf of Isley Brothers, LLC and consented to by Manufacturers and Traders Trust Company as Trustee will constitute instructions that from and after the date hereof, all payments to be paid pursuant to the LOD shall now be made to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY  10591

Bene: Isley Brothers LLC
Acct. # ████████

Routing # ████████
Swift code: ████████ (if foreign)

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.



FILED DATE: 6/13/2024 2:28 PM   2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Consented to on this _____ day of September, 2001

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

_____
Sony Music Entertainment, Inc.
Name: Julie O. Swidler
Title:



FILED DATE: 6/13/2024 4:28 PM 2023P007723

LETTER OF DIRECTION TO SONY MUSIC ENTERTAINMENT, INC.

June 6, 2000

Jenny Pariser, Esq.
Sony Music Entertainment, Inc.
550 Madison Avenue
New York, NY 10022

Re: Letter of Direction; Distributions

Ladies and Gentlemen:

Reference is made to those certain agreements between you and one or more of the undersigned relating to the administration and payment of royalties in connection with certain music compositions written in whole or part by Ronald Isley, Rudolph Isley and/or O'Kelly Isley (collectively, the "Isley Brothers") and any and all other agreements and understandings pursuant to which you administer compositions written in whole or part by one or more of the Isley Brothers and/or copyrights or royalties related thereto (collectively, the "Agreements"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three, Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina, Triple Three, Three Boys, the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Agreements and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an Indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\10661.4[W37]

EXHIBIT A



FILED DATE: 6/13/2024 4:28 PM    2023P007723

Manufacturers and Traders Trust Company, as Trustee for the Noteholders under the
    Indenture dated June 21, 2000
MFRS DUP/TRUST
ABA #███████
Trust Department/UCC #███
For Credit to A/C #
Account Name:        Collection Account of Manufacturers and Traders Trust
                  Company, as trustee for the benefit of holders of
                  Royalty-Backed Pay-Through Notes
Attn: Judy LiPuma  (716) 842-5994.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust – 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Judy LiPuma

    Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the
Agreements or otherwise to the Trustee at the above address.

    From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

    This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments in respect of the above-
referenced master sound recordings to any of the undersigned or any person or entity related to
or affiliated with any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper).
The foregoing is not intended to amend or alter any existing arrangement currently in effect for
the payment of revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not
related to or affiliated with any of the undersigned.

    This Letter shall be governed by the laws of the State of New York.

    This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOC04 ((((((( [W3]



Very Truly Yours,

RUDOLPH ISLEY,
in his individual capacity

*[signature]*

BOVINA, INC.

By *[signature]*
Name: Rudolph Isley
Title: V. Pres.

THREE BOYS MUSIC
CORPORATION

By *[signature]*
Name: Rudolph Isley
Title: V. Pres.

T-NECK RECORDS, INC.,

By *[signature]*
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF O'KELLY ISLEY,

By *[signature]*
Name: Rudolph Isley
Title: Executor

TRIPLE THREE MUSIC, INC.

By *[signature]*
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF SALLYE ISLEY,

By *[signature]*
Name: Rudolph Isley
Title: Pers. Rep.

On the 15th day of June in the year 2000, before me personally came RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

*[signature]*
Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA5083508
Qualified in Queens County
Commission Expires 8/11/01

NY_DOC#140144 (W91)

FILED DATE: 6/19/2024 2:28 PM   2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

*Ronald Isley*

BOVINA, INC.

By *Ronald Isley*
Name: Ronald Isley
Title: Pres.

T-NECK RECORDS, INC.,

By *Ronald Isley*
Name: Ronald Isley
Title: Pres.

TRIPLE THREE MUSIC, INC.

By *Ronald Isley*
Name: Ronald Isley
Title: Pres.

THREE BOYS MUSIC
CORPORATION

By *Ronald Isley*
Name: Ronald Isley
Title: Pres.

ESTATE OF O'KELLY ISLEY,

By *Ronald Isley*
Name: Ronald Isley
Title: pers. rep.

ESTATE OF SALLYE ISLEY,

By *Ronald Isley*
Name: Ronald Isley
Title: pers. rep.

On the 15th day of June in the year 2000, before me personally came RONALD ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

*Paule G. Faustin*
Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA5093509
Qualified in Queens County
Commission Expires 8/11/01

NY_DOCS#49144 [W9]



FILED DATE: 6/13/2024 2:28 PM   2023P007723

### SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL·

peter@musiclaw.com

September 19, 2011

Sony Music Entertainment, Inc.
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:   Isley Brothers LLC

Dear Ms. Swidler:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 6, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:   Mr. Rudolph Isley
       Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 2:28 PM    2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

Sony Music Entertainment,Inc.
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

Re:    Letter of Direction

Dear Ms. Swidler:

Reference is made to the letter of direction dated June 6, 2000, a copy of which is attached hereto as Exhibit A (the "LOD").

This letter, when signed on behalf of Isley Brothers, LLC and consented to by Manufacturers and Traders Trust Company as Trustee will constitute instructions that from and after the date hereof, all payments to be paid pursuant to the LOD shall now be made to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY   10591

Bene:  Isley Brothers LLC
Acct. # ███████████

Routing # ███████████
Swift code ███████████ (if foreign)

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.



FILED DATE: 6/13/2024 2:28 PM 2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Consented to on this _____ day of September, 2001

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

Sony Music Entertainment, Inc.
Name: Julie G. Swidler
Title:



FILED DATE: 6/13/2024 4:28 PM   2023P007723

LETTER OF DIRECTION TO SONY MUSIC ENTERTAINMENT, INC.

June 6, 2000

Jenny Pariser, Esq.
Sony Music Entertainment, Inc.
550 Madison Avenue
New York, NY 10022

    Re:  <u>Letter of Direction; Distributions</u>

Ladies and Gentlemen:

    Reference is made to those certain agreements between you and one or more of the undersigned relating to the administration and payment of royalties in connection with certain music compositions written in whole or part by Ronald Isley, Rudolph Isley and/or O'Kelly Isley (collectively, the "Isley Brothers") and any and all other agreements and understandings pursuant to which you administer compositions written in whole or part by one or more of the Isley Brothers and/or copyrights or royalties related thereto (collectively, the "Agreements"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three, Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina, Triple Three, Three Boys, the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), EMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Agreements and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\440864.4 [W97]        EXHIBIT A

Manufacturers and Traders Trust Company, as Trustee for the Noteholders under the
Indenture dated June 21, 2000
MFRS BUF/TRUST
ABA #██████████
Trust Department/CC #████████
For Credit to A/C #
Account Name:      Collection Account of Manufacturers and Traders Trust
                   Company, as trustee for the benefit of holders of
                   Royalty-Backed Pay-Through Notes
Attn: Judy LiPuma  (716) 842-5994.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Judy LiPuma

    Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the
Agreements or otherwise to the Trustee at the above address.

    From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

    This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments in respect of the above-
referenced master sound recordings to any of the undersigned or any person or entity related to
or affiliated with any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper).
The foregoing is not intended to amend or alter any existing arrangement currently in effect for
the payment of revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not
related to or affiliated with any of the undersigned.

    This Letter shall be governed by the laws of the State of New York.

    This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS\440864.4 [W97]

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Very Truly Yours,

RUDOLPH ISLEY,
in his individual capacity

_Rudolph Isley_

BOVINA, INC.

By _Rudolph Isley_
Name: Rudolph Isley
Title: V. Pres.

THREE BOYS MUSIC
CORPORATION

By _Rudolph Isley_
Name: Rudolph Isley
Title: V. Pres.

T-NECK RECORDS, INC.,

By _Rudolph Isley_
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF O'KELLY ISLEY,

By _Rudolph Isley_
Name: Rudolph Isley
Title: Executor

TRIPLE THREE MUSIC, INC.

By _Rudolph Isley_
Name: Rudolph Isley
Title: V. Pres.

ESTATE OF SALLYE ISLEY,

By _Rudolph Isley_
Name: Rudolph Isley
Title: Pers. Rep.

On the 15th day of June in the year 2000, before me personally came RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

_Paule Y. Faustin_
Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA5083609
Qualified in Queens County
Commission Expires 8/11/01

NY_DOCS\440864 (W97)

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Very Truly Yours,

RONALD ISLEY,
in his individual capacity

BOVINA, INC.

By
Name: Ronald Isley
Title: Pres.

T-NECK RECORDS, INC.,

By
Name: Ronald Isley
Title: Pres.

TRIPLE THREE MUSIC, INC.

By
Name: Ronald Isley
Title: Pres.

THREE BOYS MUSIC
CORPORATION

By
Name: Ronald Isley
Title: Pres.

ESTATE OF O'KELLY ISLEY,

By
Name: Ronald Isley
Title: pers. rep.

ESTATE OF SALLYE ISLEY,

By
Name: Ronald Isley
Title: pers. rep.

On the 15th day of June in the year 2000, before me personally came RONALD ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Notary Public

PAULE Y. FAUSTIN
Notary Public, State of New York
No. 01FA6083509
Qualified in Queens County
Commission Expires 6/11/01

NY_DOCS\40864 [W97]



## SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. PINKSTONE
MICHAEL B. FRISCH
ELLIOT A. RESNIK
KERRY L. SMITH

JUDITH A. MEYERS*

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
* OF COUNSEL

WRITER'S E-MAIL*

peter@musitlaw.com

September 19, 2011

WB Music Corp.
75 Rockefeller Plaza 8th fl.
New York, NY 10019
Attn: Brian Roberts

Re:   Isley Brothers LLC

Dear Mr. Roberts:

I am writing to you with respect to a letter of direction executed by Isley Brothers LLC executed June 21, 2000.

Pursuant to an arrangement between Isley Brothers LLC and its creditor, the debt has been repaid and the new letter of direction dated September 2, 2011, which is attached to the original LOD provides for direct payment to Isley Brothers LLC in accordance with the new LOD.

I would appreciate it very much if you would countersign the new LOD, and return one copy to me for my files and if you would advise your accounting department regarding the change in payments and delivery of royalty statements.

Sincerely,

Peter S. Shukat, Esq.

cc:    Mr. Rudolph Isley
       Vijay Chandran

Encl.
PSS:asm

FILED DATE: 6/13/2024 4:28 PM   2023P007723

**ISLEY BROTHERS LLC**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

September 2, 2011

WB Music Corp.
75 Rockefeller Plaza 8th Fl.
New York, NY 10019
Attn: Brian Roberts

Re:   *Letter of Direction*

Dear Mr. Roberts:

Reference is made to that certain letter of direction dated June 21, 2000, a copy of which is attached hereto as Exhibit A, which references that certain approximately $6,000,000 copyright infringement judgment against Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner/Chappell Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music, Inc. (the "Bolton Judgment") pursuant to which you were instructed to make payments to Manufacturers and Traders Trust Company as Trustee on behalf of the note holders thereunder (the "LOD").

Notwithstanding anything to the contrary provided for in the LOD, by the signature of Isley Brothers, LLC and consented to by the Trustee, effective as of the date hereof, all future payments due and owing pursuant to the original LOD shall be paid to Isley Brothers LLC as follows:

M&T Bank
303 S. Broadway, Ste. 130
Tarrytown, NY  10591

Bene:  Isley Brothers LLC
Acct. #█████████

Routing #█████████
Swift code#█████████(if foreign)

*PB*

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Isley Brothers LLC hereby authorizes and directs you to send copies of all notices, reports and other communications to which the undersigned maybe entitled under the Bolton Judgment or otherwise to: Peter S. Shukat, Esq., Shukat Arrow Hafer Weber & Herbsman, LLP, 111 West 57th Street, Suite 1120, New York, NY 10019.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC.

This letter supersedes the LOD.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

By: Rudolph Isley

Manufacturers and Traders
Trust Company, as Trustee

By: Michelle M. Wojciechowicz

Accepted and Acknowledged

_____

By: WB Music Corp.
Name: Brian Roberts
Title:

FILED DATE: 6/13/2024 2:28 PM   2023P007723

June 21, 2000

WB Music Corp.
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:  <u>Letter of Direction Distributions</u>

Ladies and Gentlemen:

Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\456561 [W91]        EXHIBIT A                    P8

FILED DATE: 6/13/2024 4:28 PM    2023P007723

June 21, 2000

WB Music Corp.
c/o Robert G. Sugarman, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re: Letter of Direction: Distributions

Ladies and Gentlemen:

Reference is made to that certain approximately $6 million copyright infringement judgment against entertainer Michael Bolton, individually and d/b/a Mr. Bolton's Music, Inc., Andrew Goldmark, Nonpariel Music, Inc., Warner-Chapel Music Limited, Warner Tamerlane Publishing Corp., WB Music Corp. and Sony Music Entertainment, Inc. and all rights of action related thereto and/or underlying such judgment, including any proceeds thereof whether by settlement or otherwise and further including, without limitation, Three Boys Music Corporation's, Ronald Isley's, Rudolph Isley's and the late O'Kelly Isley's interest, direct or indirect, in any right to receive royalties from any source earned by Michael Bolton from the exploitation of his song "Love is a Wonderful Thing", including, but not limited to, publishing and recording royalties (collectively, the "Bolton Judgment"). This is to advise you that (i) pursuant to the Capital Contribution Agreement by and among Ronald Isley, Rudolph Isley, Bovina Music, Inc., T-Neck Records, Inc., Three Boys Music Corporation, Triple Three Music, Inc., Isley Brothers Royalty Venture I SPC, Inc. and Isley Brothers, L.L.C., dated June 21, 2000, and that certain settlement agreement and order thereon dated as of January 18, 2000, entered into by Ronald Isley, Rudolph Isley, Tia Isley Garrison, Yelsi Corporation, Bovina Music, Inc., Triple Three Music, Inc., Three Boys Music, Inc., the estate of O'Kelly Isley, the estate of Sallye Isley, Howard Ehrenberg, solely in his capacity as chapter 7 trustee for the estate of Ronald Isley (the "Estate"), BMI, The Pullman Group LLC and Structured Asset Sales LLC (the "Settlement Agreement and Order"), each of the undersigned has transferred and assigned to Isley Brothers, L.L.C. all of his or its right, title or interest in and to all royalties, income and other payments in respect of the Bolton Judgment and the above-referenced compositions and/or master sound recordings; and (ii) pursuant to an Indenture dated as of June 21, 2000, between Isley Brothers, L.L.C. and Manufacturers and Traders Trust Company, as trustee on behalf of the noteholders thereunder (in such capacity, the "Trustee"), Isley Brothers L.L.C. has transferred and assigned to the Trustee for the benefit of such noteholders all of the foregoing rights, title and interests in and to such royalties, income and other payments. Each of the undersigned hereby irrevocably authorizes and directs you to pay to the following account as and when due all monies that are payable by you to the undersigned pursuant to, in connection with or in respect of the Bolton Judgment from and after the date hereof, regardless of when earned, subject to the requirements of any garnishment, attachment or other legal process to which your payment of the foregoing is encumbered or subject:

NY_DOCS\436361 [W93]    EXHIBIT A

P8

Manufacturers and Traders Trust Company, as Trustee for
the Noteholders under the Indenture dated June 21,
2000
MFRS BUF/TRUST
ABA ████████
Trust Department/CC #██████
For Credit to A/C #██████

Account Name:     Isley Brothers Escrow Fund - Escrow Account of Manufacturers
and Traders Trust Company, as escrow agent on behalf of
Manufacturers and Traders Trust Company, as trustee for
the benefit of holders of Royalty-Backed Pay-Through
Notes

Attn: Kathleen Connelly-Leach (716) 842-5534.

The address for payment by check is:

Manufacturers and Traders Trust Company
Corporate Trust - 7th Floor
One M & T Plaza
Buffalo, NY 14203-2399
Attn: Kathleen Connelly-Leach

Each of the undersigned hereby authorizes and directs you to send copies of all notices,
reports and other communications to which the undersigned may be entitled under the Bolton
Judgment or otherwise to the Trustee at the above address.

From and after the date hereof, no change may be made to the foregoing directions by the
undersigned without the prior written consent of both Isley Brothers, L.L.C. and the Trustee.

This Letter shall supersede all prior letters of direction, and any similar instruments or
instructions, directing payment of royalties, income or other payments pursuant to, in connection
with or in respect of the Bolton Judgment or the above-referenced compositions and/or master
sound recordings to any of the undersigned or any person or entity related to or affiliated with
any of the undersigned (other than Marvin Isley, Ernest Isley or Chris Jasper). The foregoing is
not intended to amend or alter any existing arrangement currently in effect for the payment of
revenues directly to Marvin Isley, Ernest Isley, Chris Jasper or third parties not related to or
affiliated with any of the undersigned.

This Letter shall be governed by the laws of the State of New York.

This Letter may be executed in counterparts, which taken together shall constitute but one
and the same instrument.

NY_DOCS\456161 [W91]



Very Truly Yours,

RONALD ISLEY,
in his individual capacity

RUDOLPH ISLEY,
in his individual capacity

BOVINA, INC.

By
Name: Ronald Isley
Title:

THREE BOYS MUSIC
CORPORATION

By
Name: Ronald Isley
Title:

T-NECK RECORDS, INC.,

By
Name: Ronald Isley
Title:

ESTATE OF O'KELLY ISLEY

By
Name: Ronald Isley
Title:

TRIPLE THREE MUSIC, INC.

By
Name: Ronald Isley
Title:

ESTATE OF SALLYE ISLEY,

By
Name: Ronald Isley
Title:

On the 30 day of June in the year 2000, before me personally came RONALD ISLEY ~and~ ~RUDOLPH ISLEY~ to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that (s)he executed the same.

Notary Public

ELAINE NICHOLS
NOTARY SEAL, STATE OF MISSOURI
ST. LOUIS COUNTY
MY COMMISSION EXPIRES OCT. 8, 2003

NY_DOC/XX-XXX761

FILED DATE: 6/13/2024 2:28 PM   2023P007723

On the 17ᵗʰ day of June in the year 2000, before me personally came RUDOLPH ISLEY to me known to be the person described in and who executed the foregoing individually and on behalf of Bovina, Inc., T-Neck Records, Inc., Triple Three Music, Inc., Three Boys Music, Inc., Estate of O'Kelley Isley, and Estate of Sallye Isley, and acknowledged that he executed the same.

_____
Notary Public

My Commission Expires:

LYNETTE M. LIEBERT
Notary Public, State of New York
No. 4874927
Qualified in Rockland County
Commission Expires Jan. 26, 2001

_____

Accepted and Acknowledged,

WB MUSIC CORP.,

By: _____
Name:
Title:

NY_DOCS\450741 [W9]

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Exhibit "C"

Ronald's Response Letters

C Page 1

FILED DATE: 6/13/2024 4:28 PM    2023P007723

# RONALD ISLEY

300 Wyndmoor Terrace Court
St. Louis, Missouri 63141
Telephone:

November 15, 2011

Sony Music Entertainment
550 Madison Ave
New York, New York 10022
Attn: Julie G. Swindler, Esq

   Re: Isley Bros., LLC, Rudolph and Ronald Isley

Gentlemen:

  I am advised that Rudolph Isley has requested that various royalty funds concerning the Isley Brothers, and our various related entities that were previously being forwarded to M&T Bank be made payable to "Isley Bros., LLC," and forwarded to a new Isley Bros. LLC bank account or accounts.

  Rudolph has set up this new account without my approval, and there is a dispute with his sharing my 50% rights to these royalty funds. Therefore, due to the unresolved dispute, I am requesting that you withhold payout of 50% of all royalty funds from the new Isley Bros. LLC account until this matter is resolved between the two brothers.

  I do not contest or dispute Rudolph's right to receive 50% of the funds at issue, and you are authorized to send 50% of the royalties to Isley Bros., LLC or as otherwise instructed by Rudolph. If you have further questions, please do not hesitate to contact me or my wife, Kandy Isley.

Sincerely,

Ronald Isley

FILED DATE: 6/13/2024 4:28 PM   2023P007723

## RONALD ISLEY
300 Wyndmoor Terrace Court
St. Louis, Missouri 63141
Telephone:

November 15, 2011

American Society of Composers Authors and
Publishers
One Lincoln Plaza
New York, NY 10022

    Re:    Isley Bros., LLC, Rudolph and Ronald Isley

Gentlemen:

    I am advised that Rudolph Isley has requested that various royalty funds concerning the Isley Brothers, and our various related entities that were previously being forwarded to M&T Bank be made payable to "Isley Bros., LLC," and forwarded to a new Isley Bros. LLC bank account or accounts.

    Rudolph has set up this new account without my approval, and there is a dispute with his sharing my 50% rights to those royalty funds. Therefore, due to the unresolved dispute, I am requesting that you withhold payout of 50% of all royalty funds from the new Isley Bros. LLC account until this matter is resolved between the two brothers.

    I do not contest or dispute Rudolph's right to receive 50% of the funds at issue, and you are authorized to send 50% of the royalties to Isley Bros., LLC or as otherwise instructed by Rudolph. If you have further questions, please do not hesitate to contact me or my wife, Kandy Isley.

FILED DATE: 6/13/2024 2:28 PM   2023P007723

Sincerely,

Ronald Isley

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Exhibit "D-1"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 21, 2012

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

    Re:   *Letter of Direction*

Dear Ms. Swidler:

    By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley, effective as of the date hereof, the Isleys hereby request and irrevocably authorize Sony Music Entertainment ("Sony") to pay to the IRS, on the Isley's behalf, all monies otherwise currently due and owing to any of the Isleys, in accordance with the Tax Levy concerning Ronald Isley, 300 Wyndmoor Terrace Court, St. Louis, MO 63141-8021, for monies owed for the tax period ended 12/31/2009 (the "Tax Levy"), a copy of which is annexed hereto as Schedule "A" and made a part hereof. All monies paid to the IRS by Sony hereunder shall be designated as payments made pursuant to the Tax Levy.

    Following Sony's receipt of written confirmation from the IRS that the Tax Levy has been released and all obligations thereunder have been satisfied, all future payments due and owing from Sony to any of the Isleys on a prospective basis after satisfaction of the Tax Levy shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley at the following addresses:

    Isley Brothers LLC
    c/o M&T Bank
    303 S. Broadway, Ste. 130
    Tarrytown, NY 10591
    Attn: Stephanie Cornell

D-1 Page 1

Ronald Isley Wire Transfer Information:

Routing#: ███████
Account#: ███████
Name of Account: RI Top Ten
Bank: US Bank

Estate of Marvin Isley
[Address]

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley, provided that any of the payees set forth above may submit a change request (excluding a request that would decrease any other payee's royalty share) to Sony relating solely to that payee without the prior written consent of the other payees and/or the other Isleys.

You are hereby authorized to provide copies of the Isleys' account statements to Peter Shukat and Craig Smith upon request.

M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to this direction after the date hereof.

Sony's compliance with this authorization will constitute an accommodation to Isley Brothers LLC alone; the other payees hereunder are not beneficiaries of it. Payment to the payees under this authorization will constitute payment to Isley Brothers LLC, and Sony will have no liability by reason of any erroneous payment or failure to comply with this authorization. Isley Brothers LLC shall indemnify and hold Sony harmless against any claims asserted against Sony and any damages, losses or expenses Sony incurs by reason of any such payment or otherwise in connection herewith. Nothing herein shall: (i) grant the payees other than Isley Brothers LLC any right to audit Sony's books and records in connection with any accounting hereunder, or (ii) otherwise create any contractual obligation from Sony to the applicable payee.

To the extent this letter conflicts with any prior direction from any of the Isleys, this letter shall supersede such prior instructions.

[REST OF PAGE INTENTIONAL LEFT BLANK]

D-1 Page 2

FILED DATE: 6/13/2024 2:28 PM    2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley

Sworn to before me this _31st_ day of
December, 2012

Sworn to before me this _____ day of
December, 2012

Notary

Notary Public

NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
CITY OF ST. LOUIS
MY COMMISSION EXPIRES JULY 26, 2015
COMMISSION # 11877693

ESTATE OF MARVIN ISLEY

By: _____
Sheila Isley

Rudolph Isley

Sworn to before me this _____ day of
December, 2012

Sworn to before me this _____ day of
December, 2012

Notary Public

Notary Public

Manufacturers and Traders
Trust Company

By: Michelle M. Wojciechowicz

Sworn to before me this _____ day of
December, 2012

Notary Public

D-1 Page 3

Exhibit "D-1"

Schedule A

Ronald Isley's 2009 IRS Tax Levy

D-1 Page 4

FILED DATE: 6/13/2024 12:28 PM   2023P007723

Exhibit "D-1"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December __, 2012

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

     Re:   *Letter of Direction*

Dear Ms. Swidler:

    By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid to the IRS pursuant to the Tax Levy for 1040 Income for 12/31/2009, a copy of which is annexed hereto as Schedule "A" and made a part hereof. All monies paid to the IRS shall be applied to the 2009 tax liabilities of Ronald Isley, 300 Wyndmoor Terrace Court, St. Louis, MO.

    Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

    From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

    You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

    M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to direction after the date hereof.

    This letter supersedes all previous instructions sent to you by any of the Isleys.

FILED DATE: 6/13/2024 4:28 PM   2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_____
By: Rudolph Isley

Ronald Isley

ESTATE OF MARVIN ISLEY

By: _____

Sheila Isley

_____
Rudolph Isley

Manufacturers and Traders
Trust Company

_____
By: Michelle M. Wojciechowicz

FILED DATE: 6/13/2024 4:28 PM   2023P007723

Exhibit "D-1"

Schedule A

Ronald Isley's 2009 IRS Tax Levy

FILED DATE: 6/19/2024 2:28 PM   2023P007723

Exhibit "D-2"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

RONNIE RUNS TUNES & Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughart PC
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 3l, 2012

American Society of Composers Authors and Publishers
One Lincoln Plaza
New York, NY 10022
Attn: Ellen Meltzer-Zahn

Re:    _Letter of Direction – Isley Brothers Works_

Dear Ms. Meltzer-Zahn:

Effective as of the date of this Letter of Direction (LOD), the undersigned direct the following:

1.    All writer royalties otherwise payable to Ronald Isley by the American Society of Composers, Authors and Publishers (ASCAP) that are attributable to performances of the musical compositions listed on the attached Schedule A and made a part hereof (collectively referred to herein as the "Ronald Isley Compositions"), and that are due and owing to Ronald Isley as of the date of this LOD, shall be paid as follows: five percent (5%) to the Estate of Marvin Isley, forty-seven and one-half percent (47.5%) to Isley Brothers LLC and forty-seven and one-half percent (47.5%) to Ronald Isley.

2.    All future writer royalties otherwise payable to Ronald Isley by ASCAP that are attributable to performances of the Ronald Isley Compositions and that are due and owing to Ronald Isley following the date of this Letter of Direction shall be paid as follows: five percent (5%) to the Estate of Marvin Isley, seventy-two and one-half percent (72.5%) to Isley Brothers LLC and twenty-two and one-half percent (22.5%) to Ronald Isley.

3.    All publisher royalties payable by ASCAP that are attributable to performances of the musical compositions set forth on the attached Schedule B -and made part hereof (collectively referred to as the "Ronnie Runs Compositions"), and that are due and owing to Ronnie Runs Tunes as of the date of this LOD, shall be paid as follows:

(a)    For the compositions, I GOT WORK TO DO (ASCAP WORK ID ), RESPECTABLE (ASCAP WORK ID ▇▇▇▇▇), TWISTIN WITH LINDA

D-2 Page 1

(ASCAP WORK ID ████████, and YOUR OLD LADY (ASCAP WORK ID ████████) (referred to herein as the "Select Ronnie Runs Compositions"), royalties shall be paid as follows: five percent (5%) to the Estate of Marvin Isley, forty-seven and one-half percent (47.5%) to Isley Brothers LLC and forty-seven and one-half percent (47.5%) to Ronnie Runs Tunes.

        (b)    For all Ronnie Runs Compositions other than the Select Ronnie Runs Compositions, royalties shall be payable as follows: 100% to Ronnie Runs Tunes.

4.    All future publisher royalties payable by ASCAP that are attributable to performances of the Ronnie Runs Compositions and that are due and owing to Ronnie Runs Tunes following the date of this Letter of Direction shall be paid as follows:

        (a)    For the Select Ronnie Runs Compositions, royalties shall be payable as follows: five percent (5%) to the Estate of Marvin Isley, seventy-two and one-half percent (72.5%) to Isley Brothers LLC and twenty-two and one-half percent (22.5%) to Ronnie Runs Tunes.

        (b)    For all Ronnie Runs Compositions other than the Select Ronnie Runs Compositions, royalties shall be payable as follows: 100% to Ronnie Runs Tunes.

5.    Royalties attributable to performances of any newly composed works that include samples of the Ronald Isley Compositions or the Ronnie Runs Compositions shall also be paid in the same manner as specific above with respect to future royalties for all such compositions. Ronald Isley and Rudolph Isley agree to notify ASCAP of any new works that include samples of the Ronald Isley Compositions or the Ronnie Runs Compositions.

6.    From and after the date of this LOD, no changes to the Ronald Isley Compositions and the Ronnie Runs Compositions, or to the royalty percentages attributable to such compositions as set forth in this LOD, may be made without the prior written consent of Isley Brothers LLC, Rudolph Isley, Ronnie Runs Tunes, Ronald Isley and the Estate of Marvin Isley (collectively "Payee(s)"). Notwithstanding the foregoing, any Payee may request that ASCAP change the directions set forth herein only with respect to the designation of the person or entity to be paid that Payee's share of royalties payable pursuant to this LOD.

7.    Manufacturers and Traders Trust Company ("M&T") hereby acknowledges that M&T's consent shall not be required in connection with any subsequent requested changes to the directions set forth herein.

8.    ASCAP is hereby authorized to provide account statements for Ronald Isley and Rudolph Isley, and any related information, to Peter Shukat and Craig Smith upon request.

9.    Isley Brothers LLC, Rudolph Isley, Ronnie Runs Tunes, Ronald Isley, and the Estate of Marvin Isley agree to indemnify and hold harmless ASCAP, its officers, directors, agents, employees, and members (collectively the "Indemnified Parties") from and against any and all claims and/or damages, including, but not limited to, attorneys' fees, that may be asserted against or incurred by the Indemnified Parties or any of them relating to the

distribution of royalties payable by ASCAP that are attributable to performances of the Ronald Isley Compositions or the Ronnie Runs Compositions and made in accordance with this Letter of Direction.

10. This letter supersedes all previous payment instructions sent to ASCAP by any of the undersigned.

11. This letter shall be governed by the laws of the State of New York without regard to principles of conflicts of laws.

12. This letter may be executed in counterparts which taken together shall constitute one and the same instrument.

Very truly yours,

_____
Rudolph Isley (Individually)

_____
Ronald Isley (Individually)

ISLEY BROTHERS LLC

RONNIE RUNS TUNES

_____
By: Rudolph Isley
Title: Authorized Signatory

_____
By: Ronald Isley
Title: Authorized Signatory

We consent to the foregoing:

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS TRUST COMPANY (M&T)

_____
By: Sheila Isley
Title: _____

_____
By: Michelle M. Wojciechowicz
Title: Vice President, as Trustee for Isley Brothers LLC, Class A, B, and C Notes, and Escrow Agent for Class C Escrow

Accepted and Acknowledged:

_____
By: American Society of Composers, Authors and Publishers (ASCAP)
Name: Ellen Meltzer-Zahn
Title:

D-2 Page 3

FILED DATE: 6/13/2024 2:28 PM   2023P007723

**Exhibit "D-2"**
**Schedule "A"**

**ASCAP Compositions**

D-2 Page 4

FILED DATE: 6/13/2024 2:28 PM   2023P007723

Exhibit "D-3"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 31, 2012

Manufacturers and Traders Trust Company
One M&T Plaza - 7th Floor
Buffalo, New York 14203
Attn: Michelle M. Wojciechowicz, CCTS

Re:     *Letter of Direction*

Dear Ms. Wojciechowicz:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys, as set forth on Exhibit "A", annexed hereto and made a part hereof, as well as any interest that accrues between the date of this letter agreement and December 1, 2012, shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

We hereby request and authorize you to terminate the Isley Brothers LLC Class C Escrow Account, effective as of the date first written above, and close this account, # ███████, after final income posts on December 1, 2012.

This letter supersedes all previous instructions sent to you by any of the Isleys.

[Balance of page intentionally left blank.]

FILED DATE: 6/13/2024 4:28 PM   2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_____
By: Rudolph Isley

Ronald Isley

_____
Rudolph Isley

Craig Smith

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS TRUST COMPANY

By:_____
Sheila Isley

By: Michelle M. Wojciechowicz, Vice President, as Trustee for Isley Brothers LLC, Class A, B, and C Notes, and Escrow Agent for Class C Escrow

FILED DATE: 6/19/2024 2:28 PM   2023P007723

<u>Exhibit "D-4"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 21, 2012

WB Music Corp. &
Warner/Chappell Music
75 Rockefeller Plaza 8th Fl.
New York, NY 10019
Attn: Brian Roberts

      Re:     *Letter of Direction*

Dear Ms. Perry:

      By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

      Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis in connection with the Compositions shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

      From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

      You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

      M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to direction after the date hereof.

FILED DATE: 6/13/2024 2:28 PM   2023P007723

This letter supersedes all previous instructions sent to you by any of the Isleys.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley

Rudolph Isley

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS
TRUST COMPANY

By: _____
Sheila Isley

By: _____
Michelle M. Wojciechowicz, Vice President

Accepted and Acknowledged

WB Music Corp.
Name: Brian Roberts
Title:

Warner/Chappell Music
Name: Brian Roberts
Title:

<u>Exhibit "D-5"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 21, 2012

Mr. Michael Bolton &
Mr. Bolton's Music, Inc.
c/o K&L Gates LLP-Attn: Carol A. Genis, Esq.
70 West Madison Street
Suite 3100
Chicago, Il 60602-4207

Re:   *Letter of Direction*

Dear Mr. Bolton:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by the Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis in connection with the Compositions shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

FILED DATE: 6/19/2024 4:28 PM   2023P007723

M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to direction after the date hereof.

This letter supersedes all previous instructions sent to you by any of the Isleys.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

*Ronald Isley*

Ronald Isley

_____

By: Rudolph Isley

_____

Rudolph Isley

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS TRUST COMPANY

By: _____

Sheila Isley

By: _____

Michelle M. Wojciechowicz, Vice President

Accepted and Acknowledged

_____

By: Mr. Bolton's Music, Inc.

Name: Michael Bolton

_____

Michael Bolton, individually

FILED DATE: 6/13/2024 4:28 PM   2023P007723

<u>Exhibit "D-6"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 11, 2012

Andrew Goldmark
c/o Shapiro, Bernstein& Co., Inc.
Attn: Michael Brettler
488 Madison Avenue
New York, NY 10022
Chicago, Il 60602-4207

Re:     *Letter of Direction*

Dear Mr. Goldmark:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis in connection with the Compositions shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

This letter supersedes all previous instructions sent to you by any of the Isleys.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_____
By: Rudolph Isley

Ronald Isley

_____
Rudolph Isley

ESTATE OF MARVIN ISLEY

By: _____
Sheila Isley

Accepted and Acknowledged

_____
Andrew Goldmark

FILED DATE: 6/13/2024 2:28 PM   2023P007723

FILED DATE: 6/13/2024 12:28 PM   2023P007723

Exhibit "D-7"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 31, 2012

EMI Music Publishing, Inc.
75 9th Avenue, 4th Fl.
New York, NY 10011
Attn: Bruce Scavuzzo, Esq.

Re:     *Letter of Direction*

Dear Mr. Scavuzzo:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (Individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley, effective as of the date hereof, all monies currently due and owing to any of the Isleys), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis in connection with the Compositions shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to direction after the date hereof.

This letter supersedes all previous instructions sent to you by any of the Isleys.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

_____
By: Rudolph Isley

_____
Rudolph Isley

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS
TRUST COMPANY

By: _____
Sheila Isley

By: _____
Michelle M. Wojciechowicz, Vice President

Accepted and Acknowledged

_____
By: EMI Music Publishing, Inc
Name: Bruce Scavuzzo, Esq.

FILED DATE: 6/13/2024 4:28 PM   2023P007723

<u>Exhibit "D-8"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

December 31, 2012

Broadcast Music Inc.
Attn: Mr. Gary Roth
Vice President Legal/Business Affairs
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0030

      *Re:*    *Letter of Direction*

Dear Mr. Roth:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

Notwithstanding the foregoing, all future payments due and owing to any of the Isleys on a prospective basis in connection with the Compositions shall be paid five percent (5%) to the Estate of Marvin Isley, seventy two and one half percent (72.5%) to Isley Brothers LLC and twenty two and one half percent (22.5%) to Ronald Isley.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

M&T hereby acknowledges that M&T's consent shall not be required in connection with any requested changes to direction after the date hereof.

This letter supersedes all previous instructions sent to you by any of the Isleys.

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley
_____

_____
Rudolph Isley

ESTATE OF MARVIN ISLEY

MANUFACTURERS AND TRADERS
TRUST COMPANY

By:_____
Sheila Isley

By:_____
Michelle M. Wojciechowicz, Vice President

Accepted and Acknowledged

_____
By: Broadcast Music, Inc
Name: Mr. Gary Roth
Vice President Legal./Business Affairs

FILED DATE: 6/13/2024 2:28 PM   2023P007723

<u>Exhibit "E-1"</u>

**ISLEY BROTHERS LLC & Rudolph Isley**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

**Ronald Isley**
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Sony Music Entertainment
550 Madison Avenue
New York, NY 10022
Attn: Julie G. Swidler, Esq.

     Re:    *Letter of Direction*

Dear Ms. Swidler:

    By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

    From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

    You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

    This letter supersedes all previous instructions sent to you by any of the Isleys.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley

_____

Rudolph Isley

<u>Exhibit "E-2"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

American Society of Composers Authors and Publishers
One Lincoln Plaza
New York, NY 10022
Attn: Paula Perry

Re:     *Letter of Direction*

Dear Ms. Perry:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys in connection with the musical compositions annexed hereto on Schedule "A" and made a part hereof ("Compositions"), shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley

_____

Rudolph Isley

Accepted and Acknowledged

_____
By: American Society of Composers
Authors and Publishers
Name: Paula Perry
Title:

FILED DATE: 6/13/2024 2:28 PM   2023P007723

FILED DATE: 6/13/2024 12:28 PM   2023P007723

Exhibit "E-2"
Schedule "A"

ASCAP Compositions

FILED DATE: 6/13/2024 2:28 PM    2023P007723

<u>Exhibit "E-3"</u>

**ISLEY BROTHERS LLC & Rudolph Isley**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

**Ronald Isley**
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Manufacturers and Traders Trust Company
One M&T Plaza - 7th Floor
Buffalo, New York 14203
Attn: Michelle M. Wojciechowicz, CCTS

    *Re:*    *Letter of Direction*

Dear Ms. Wojciechowicz:

    By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

    From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

    This letter supersedes all previous instructions sent to you by any of the Isleys.

    You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

FILED DATE: 6/13/2024 4:28 PM   2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

_____
By: Rudolph Isley

_____
Rudolph Isley

Manufacturers and Traders
Trust Company

_____
By: Michelle M. Wojciechowicz

FILED DATE: 6/13/2024 2:28 PM    2023P007723

<u>Exhibit "E-4"</u>

**ISLEY BROTHERS LLC & Rudolph Isley**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

**Ronald Isley**
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

WB Music Corp. &
Warner/Chappell Music
75 Rockefeller Plaza 8th Fl.
New York, NY 10019
Attn: Brian Roberts

　　　　Re:　　*Letter of Direction*

Dear Ms. Perry:

　　By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

　　From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

　　This letter supersedes all previous instructions sent to you by any of the Isleys.

　　You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

_____
By: Rudolph Isley


_____
Rudolph Isley


Accepted and Acknowledged

_____
WB Music Corp.
Name: Brian Roberts
Title:


_____
Warner/Chappell Music
Name: Brian Roberts
Title:

FILED DATE: 6/13/2024 2:28 PM   2023P007723

<u>Exhibit "E-5"</u>

**ISLEY BROTHERS LLC & Rudolph Isley**
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Mr. Michael Bolton &
Mr. Bolton's Music, Inc.
c/o K&L Gates LLP-Attn: Carol A. Genis, Esq.
70 West Madison Street
Suite 3100
Chicago, Il 60602-4207

Re:     *Letter of Direction*

Dear Mr. Bolton:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

FILED DATE: 6/13/2024 2:28 PM    2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

*Ronald Isley*

Ronald Isley

_____

By: Rudolph Isley


_____

Rudolph Isley


Accepted and Acknowledged

_____

By: Mr. Bolton's Music, Inc.
Name: Michael Bolton

_____

Michael Bolton, individually

FILED DATE: 6/13/2024 4:28 PM   2023P007723

<u>Exhibit "E-6"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Andrew Goldmark
c/o Shapiro, Bernstein& Co., Inc.
Attn: Michael Brettler
488 Madison Avenue
New York, NY 10022
Chicago, Il 60602-1207

Re:     *Letter of Direction*

Dear Mr. Goldmark:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

FILED DATE: 6/13/2024 2:28 PM   2023P007723

<u>Exhibit "E-6"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Andrew Goldmark
c/o Shapiro, Bernstein & Co., Inc.
Attn: Michael Brettler
488 Madison Avenue
New York, NY 10022
Chicago, Il 60602-4207

Re:     *Letter of Direction*

Dear Mr. Goldmark:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

Ronald Isley

By: Rudolph Isley

_____

Rudolph Isley

Accepted and Acknowledged

_____

Andrew Goldmark

FILED DATE: 6/13/2024 2:28 PM    2023P007723

Exhibit "E-7"

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

EMI Music Publishing, Inc.
75 9th Avenue, 4th Fl.
New York, NY 10011
Attn: Bruce Scavuzzo, Esq.

Re:     *Letter of Direction*

Dear Mr. Scavuzzo:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

FILED DATE: 6/13/2024 4:28 PM    2023P007723

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

*Ronald Isley*
Ronald Isley

By: Rudolph Isley

_____

Rudolph Isley

Accepted and Acknowledged

_____
By: EMI Music Publishing, Inc
Name: Bruce Scavuzzo, Esq.

FILED DATE: 6/13/2024 4:28 PM    2023P007723

<u>Exhibit "E-8"</u>

ISLEY BROTHERS LLC & Rudolph Isley
c/o Shukat Arrow Hafer Weber & Herbsman, LLP
111 West 57th Street, Suite 1120
New York, NY 10019

Ronald Isley
c/o Craig Smith, Esq.
Polsinelli Shughar
100 S. Fourth Street, Suite 10000
St. Louis, Missouri 63102

Dated: _____

Broadcast Music Inc.
Attn: Mr. Gary Roth
Vice President Legal./Business Affairs
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0030

Re:   *Letter of Direction*

Dear Mr. Roth:

By the signature of Isley Brothers, LLC, Rudolph Isley, and Ronald Isley (individually and collectively, the "Isleys"), and consented to by Manufacturers and Traders Trust Company ("M&T") and the Estate of Marvin Isley,, effective as of the date hereof, all monies currently due and owing to any of the Isleys shall be paid five percent (5%) to the Estate of Marvin Isley, forty seven and one half percent (47.5%) to Isley Brothers LLC and forty seven and one half percent (47.5%) to Ronald Isley, in accordance with the payment instructions provided by each party.

From and after the date hereof, no change may be made to the foregoing direction without the prior written consent of Isley Brothers LLC, Rudolph Isley, and Ronald Isley.

This letter supersedes all previous instructions sent to you by any of the Isleys.

You are hereby authorized to provide account statements and any related information to Peter Shukat and Craig Smith upon request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

This letter shall be governed by the laws of the State of New York.

This letter may be executed in counterparts which taken together shall constitute but one and the same instrument.

Very truly yours,

ISLEY BROTHERS LLC

_Ronald Isley_
Ronald Isley

By: Rudolph Isley
_____

_____
Rudolph Isley


Accepted and Acknowledged

_____
By: Broadcast Music, Inc
Name: Mr. Gary Roth
Vice President Legal / Business Affairs

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 25

☐ 2465

FILED
6/13/2024 11:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023P007723
Calendar, 25
28102543

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. _____ 2023P007723 _____    Calendar _____ 25 _____

Estate of _____ RUDOLPH ISLEY _____

## APPEARANCE AND JURY DEMAND

1. _____ Harrison LLP _____
[printed name of firm, attorney, or *pro se* party]

enters an appearance on behalf of _____ Ronald Isley _____
[printed name of party]

in _____ his _____ capacity as _____ Claimant and Interested Person _____.
(his) (her) (its) (their)                [party's capacity in above matter]

2. This appearance is filed as ☒ the initial counsel of record ☐ an additional appearance ☐ substitute appearance
☐ Rule 707 Out-of-State Counsel *(pro hac vice)* ☐ trial lawyer's appearance ☐ *pro se* (self-represented).

| Clerk's Codes |
|---|
| ☐ 0900 - Fee Paid   ☐ 0904 - Fee Waived   ☐ 0909 - No Fee   ☐ 0908 - Trial Lawyer's Appearance No Fee |

3. The undersigned _____ demands _____ a jury trial.
(demands) (waives)

| Clerk's Codes |
|---|
| ☐ 1900 - Appearance and Jury Demand/Fee Paid   ☐ 1901 - Appearance and Jury Demand/No Fee Paid |

## PROOF OF SERVICE

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____ *Patrick Bushell* _____
[Signature of Attorney]

Attorney Number _____ 40190 _____
Name _____ Shawn M. McCullough/ Patrick J. Bushell _____
Firm Name _____ Harrison LLP _____
Attorneys for _____ Claimant _____
Address _____ 333 W. Wacker Dr., Ste. 1700 _____
City/State/Zip _____ Chicago, IL 60606 _____
Telephone _____ 312-332-1111 _____
Email _____ smccullough@harrisonllp.com/ pbushell@harrisonllp.com _____

CCP-0009 (Rev. 12/01/20)        **Iris Y. Martinez, Clerk of the Circuit Court of Cook County**        Page 1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – PROBATE DIVISION**

| | | |
|---|---|---|
| **ESTATE OF** | ) | |
| | ) | **Case No.**     **2023P007723** |
| **RUDOLPH ISLEY,** | ) | |
| | ) | **Calendar 25** |
| Deceased. | ) | |

| | | |
|---|---|---|
| **RONALD ISLEY, as a Claimant and Interested Person,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Supplemental Proceeding** |
| v. | ) | |
| | ) | **Calendar 25** |
| **ELAINE ISLEY-GOODSTONE, as** | ) | |
| **Independent Administrator of the** | ) | **Jury Demanded** |
| **Estate of Rudolph Isley, Deceased,** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEARANCE AND JURY DEMAND

**TO:**    Robert Schuman
Law Office of Robert Schuman
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
rschumanlaw@gmail.com

       **PLEASE TAKE NOTICE** that on <u>June 13, 2024</u>, the attached ***Appearance and Jury Demand*** was filed in the above-captioned case, a copy of which is attached and hereby served upon you.

| | | | |
|---|---|---|---|
| Name: | Patrick J. Bushell | Attorney No.: | 40190 |
| Attorney for: | Ronald Isley | Email: | pbushell@harrisonllp.com |
| Firm: | Harrison LLP | Telephone: | (312) 332-1111 |
| Address: | 333 W. Wacker Dr., Ste. 1700 | City: | Chicago, IL 60606 |

Copy received_____, 2024, at_____ a.m./p.m. _____

## Proof of Service by U.S. Mail and Email Delivery

I, Robin Schapiro, a non-attorney, certify that on June 14, 2024, I caused to be served this notice and the document to which it refers by sending a copy via U.S. Mail and Email to the name and address shown on the Notice of Appearance and Jury Demand above.

[ x ]    Under penalties as provided by law
pursuant to 735 ILCS 5/1-109,
I certify that the statements
set forth herein are true and correct.

Date: June 14, 2024

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – PROBATE DIVISION**

| | | |
|---|---|---|
| **ESTATE OF** | ) | |
| | ) | **Case No.**    **2023P007723** |
| **RUDOLPH ISLEY,** | ) | |
| | ) | **Calendar 25** |
| Deceased. | ) | |

| | | |
|---|---|---|
| **RONALD ISLEY, as a Claimant and** | ) | |
| **Interested Person,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Supplemental Proceeding** |
| v. | ) | |
| | ) | **Calendar 25** |
| **ELAINE ISLEY-GOODSTONE, as** | ) | |
| **Independent Administrator of the** | ) | **Jury Demanded** |
| **Estate of Rudolph Isley, Deceased,** | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF CLAIM

**TO:**  Robert Schuman                                   Elaine Isley-Goodstone
Law Office of Robert Schuman              14 Pecan Valley Drive
555 Skokie Blvd., Suite 500                  New City, NY 10956
Northbrook, IL 60062                             *Via U.S. Mail*
rschumanlaw@gmail.com
*Via U.S. Mail and Email*

    **PLEASE TAKE NOTICE** that on June 13, 2024, I caused to be electronically filed with the Clerk of the Circuit Court, Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, via Odyssey e-file, a Claim against the above-captioned Estate, a copy of which is attached hereto and hereby served upon you.

| | | | |
|---|---|---|---|
| Name: | Patrick J. Bushell | Attorney No.: | 40190 |
| Attorney for: | Ronald Isley | Email: | pbushell@harrisonllp.com |
| Firm: | Harrison LLP | Telephone: | (312) 332-1111 |
| Address: | 333 W. Wacker Dr., Ste. 1700 | City: | Chicago, IL 60606 |

Copy received_____, 2024, at_____ a.m./p.m. _____

## Proof of Service by U.S. Mail and/or Email Delivery

   I, Robin Schapiro, a non-attorney, certify that on June 14, 2024, I caused to be served this notice and the document to which it refers by sending a copy via U.S. Mail and Email to the name, mailing address, and/or email address shown on the Notice of Appearance and Jury Demand above as indicated above with respect to service by U.S. Mail and/or Email.

[ x ]  Under penalties as provided by law
    pursuant to 735 ILCS 5/1-109,
    I certify that the statements
    set forth herein are true and correct.   Date: June 14, 2024



**HARRISON LLP**

**Patrick J. Bushell**
pbushell@harrisonllp.com

June 14, 2024

*Via U.S. Mail and*
*Email:rschumanlaw@gmail.com*
Robert Schuman
Law Office of Robert Schuman
555 Skokie Blvd., Suite 500
Northbrook, IL 60062

*Via U.S. Mail*
Elaine Isley-Goodstone
14 Pecan Valley Drive
New City, NY 10956

**Re:    Estate of Rudolph Isley, Deceased, Case No. 2023 P 007723**
**Ronald Isley v. Elaine Isley-Goodstone, Supplemental Proceeding**
**Claim Against the Estate of Estate of Rudolph Isley, Deceased**

Mr. Schuman and Ms. Isley-Goodstone:

Please see enclosed the following documents filed on June 13, 2024 in the Estate of Rudolph Isley, 2023 P 007723:

1.    Appearance and Jury Demand
2.    Notice of Appearance and Jury Demand
3.    Claim with Verified Complaint attached[1]
4.    Notice of Claim

Please contact me at (312) 606-2786 at your earliest convenience to discuss.

Harrison LLP

Patrick J. Bushell

---

[1] The Verified Complaint was also filed separately as a supplemental proceeding on June 13, 2024. Only one copy of the Verified Complaint is enclosed as an attachment to the Claim.